WESLEY F. PHILLIPPI v. DOROTHY DEBAUM PHILLIPPI

4 So. (2nd) 465

Opinion Filed November 4, 1941

*Dickenson & Dickenson,* and *Murrell & Malone,* for Appellant;

*Thomas J. Ellis, Otto C. Stegemann,* and *David B. Newsom,* for Appellee.

ADAMS, J.—Bill was filed in. the circuit court for modification of an alimony decree under the provision of c. 16780, Gen. Laws of 1935. The circuit court dismissed the bill without leave to amend. We are to review the correctness of such ruling.

The bill discloses that defendant herein was awarded a decree of divorce from plaintiff herein in 1939 on the ground of cruelty. Agreeable to stipulation of the parties the divorce decree awarded certain sums paid to the wife and the further sum of $175.00 monthly as permanent alimony. There were no children. The husband was employed as a commercial aviation pilot, earning $650.00 per month. Two months after the divorce this plaintiff (the husband)

remarried. The second marriage was to a widow with one child. Plaintiff and his second wife also adopted twins. At the time of the filing of this suit his employment and earnings were unchanged. He was therefore obligated to pay the $175.00 monthly to his first wife and support his second wife and three children.

The bill alleges defendant is living in extravagance, plays roulette and squanders her money in gambling. He also claims defendant is not in need of the $175.00 inasmuch as she still has or should have a large portion of the lump sum of money he paid her under the separation settlement.

Plaintiff alleges his age to be forty years; that his active years as a pilot will cease at fifty wherefore it is necessary that he accumulate a saving before then, inasmuch as his earnings will greatly decrease thereafter.

1. We first consider whether the voluntary act of plaintiff in acquiring additional dependants entitles him to the relief asked.

The law appears settled that the remarriage of a divorced man supplies no cause to reduce a decree of alimony to this former wife. 19 C.J. 276, 1 R.C.L. 950; Aiken v. Aiken, 221 Ala. 67, 127 So. 819. This rule is sustained by the great weight of authority, Andrews v. Andrews, 142 S.W. (2nd) 1082 (Mo. App. 1940); Toney v. Toney, 213 Ia. 398, 239 N.W. 21 (1931); Simpson v. Simpson, 51 Idaho 99, 4 P. (2nd) 345 (1931); Kleine v. Kleine, 111 S.W. (2nd) 242 (Mo. App. 1937);Newburn v. Newburn, 210 Ia. 639, 231 N.W. 389 (1930).

In many instances a divorced man does not feel kindly to his divorced wife and it should not be within

his power to voluntarily acquire additional dependants and use that as a means to relieve himself of his just obligations. The acquiring of family and giving shelter and care to helpless, unfortunate children is commendable. Before a man can exhibit his generosity however, he must be just enough to fulfill the obligations he assumed theretofore.

2. We next consider whether the subsequent alleged extravagance of the divorced wife will support a bill to reduce alimony. On this question the authorities are not altogether in harmony. Many distinctions may be drawn however, depending on the nature of the award, i. e., reasonable support or by way of restitution of property brought by her to the husband's estate. Distinction may be also found in the character of the final decree, i. e., divorce absolute or from bed and board.

In Florida our courts are only authorized to grant a divorce absolute. We find the weight of authority supports what we think is the better rule, that the extravagance of the divorced wife will not afford the husband grounds for relief from the alimony decree. 19 C.J. 277; 1 R.C.L. 949; Cole v. Cole 142 Ill. 19, 19 L.R.A. 811.

The bill contained no equity and the order of dismissal was proper. No error was committed in failing to allow an amendment. The Court is always open to entertain further proceeding when a substantial change of status occurs to warrant relief.

The order should be affirmed.

BROWN, C. J., TERRELL, and THOMAS, J. J., concur.

WHITFIELD, BUFORD and CHAPMAN, J. J., dissent.

BUFORD, J., dissenting.—The appeal brings for review decree dismissing petition wherein petitioner

sought the modification of a decree for alimony in the sum of $175.00 per month under the provisions of c. 16780, Acts of 1935.

The order dismissing the petition or bill of complaint was without leave to amend.

The sole question is whether or not the bill of complaint contained equity.

We, having considered the allegations of the bill of complaint, find that the bill contains sufficient equity to warrant the denial of a motion to dismiss, though some of the allegations of the bill are not stated with sufficient certainty to have precluded the chancellor from requiring amendment. We should not assume at this time to determine to what extent "the circumstances of the parties, or the financial ability of the husband shall have been changed since . . . the rendition of such decree" requiring the payment of $175.00 per month will warrant the chancellor in entering an order modifying the decree, but we think that the allegations of the petition or bill of complaint have materially changed since the rendition of the decree sought to be modified.

The extent of the effect of the changed conditions of the husband and also the necessities of the wife are matters to be considered by the chancellor when the cause shall have been presented to him for final disposition.