HOBSON, Acting Chief Judge.
Appellant, Patricia B. Horner, brings this appeal from a final order entered in the lower court on appellee’s petition to modify the final decree of divorce between appellant-wife and appellee-husband, which order relieved the appellee-husband from having to make any future alimony payments to the appellant.
The appellant filed her response to ap-pellee’s petition, which response, among other things, challenged the sufficiency of the allegations contained in appellee’s petition for modification. At the final hearing, the appellant admitted the allegations contained in appellee’s petition. The main thrust of said petition is based on the allegations that the appellant uses her alimony payments for alcohol and drugs and has been arrested at least fifty or more times and confined in jail on many or most of those occasions. In his petition ap-pellee-husband did not allege his inability to continue to make said payments, nor the lack of need on the part of appellant.
In Phillippi v. Phillippi, 148 Fla. 393, 4 So.2d 465 (1941), the Supreme Court of Florida had before it a case where the appellant-husband sought to modify a final decree of divorce by reducing alimony payments on the grounds that the appellee-wife was living in extravagance, played roulette and squandered her money in gambling. The lower court had dismissed the appellant-husband’s bill and he appealed. In affirming, the Supreme Court, speaking through Mr. Justice Adams, stated at pages 466 and 467:
“In Florida our courts are only authorized to grant a divorce absolute. We find the weight of authority supports what we think is the better rule, that the extravagance of the divorced wife will not afford the husband grounds for relief from the alimony decree. 19 C.J. 277; 1 R.C.L. 949; Cole v. Cole, 142 Ill. 19, 31 N.E. 109, 19 L.R.A. 811, 34 Am.St.Rep. 56.”
We can see no difference between a wife squandering her money on gambling or on liquor.
It is noted that the Phillippi case, supra, was a four to three decision and none of the Justices who participated in that case are now actively serving on the Supreme Court of Florida.
While we may not be completely in accord with the holding of the Phillippi case, we feel bound by it until such time as the Florida Supreme Court may see fit to recede from it.
Reversed and remanded.
PIERCE, J., concurs.
MANN, J., concurs specially with opinion.