HERSEY, Judge.
This appeal questions the validity of an order terminating the husband’s obligation to pay alimony and indirectly requiring sale of real property occupied by the wife and *611 owned jointly by the parties as tenants in common.
After twenty-seven years of marriage the husband successfully petitioned for dissolution in 1973. No minor children were involved. The wife was given exclusive possession of the marital domicile until March of 1975 and was awarded alimony of $200 per month, gradually reducing to $100 per month over a stated period. The husband was directed to make mortgage payments, which amounted to approximately $193 per month.
In 1975, after a hearing on wife’s petition for modification and several motions filed by husband, an order was entered extending wife’s exclusive possession for five years and increasing the amount of alimony to $225 per month. The court made various findings of fact including the following which are pertinent here:
The Wife, who is aged 62, does not have the ability to earn any income, which inability is due primarily to a severe deterioration of her physical health since the entry of a Final Judgment, the Wife’s age, and the economic circumstances which presently exist.
The Husband who is aged 54, is employed on a full time basis with General Mills and his financial circumstances have not deteriorated since the entry of the Final Judgment Of Dissolution Of Marriage and have in fact permitted the Husband to purchase acreage in North Carolina as well as to purchase a marital home with his new wife.

The Court finds that the present support being paid by the Husband to the Wife is greatly inadequate for her support; and the Court further finds that the Husband has the ability to increase his support to the Wife, and that it is in the best interests of the Wife’s physical and mental well being that the Wife be permitted to continue to occupy the subject real property.
The Wife’s financial needs have substantially increased since the entry of the Final Judgment Of Dissolution Of Marriage due in substantial part to the increased cost of living and the Wife’s inability to contribute to her own support by virtue of her age and physical disabilities. These factors have placed the Wife in a position where she had inadequate funds for the very basic needs such as food and hot water.
Then, in 1978, the husband filed a motion to terminate alimony and to partition realty. Wife responded and counter-petitioned for an increase in alimony. Following an evidentiary hearing, the court (not the same judge who entered the 1975 order) entered the order now before us on appeal. That order contained no finding that there had been a change in circumstances. The court characterized the wife’s petition to obtain an increase in alimony as “an attempt . to punish” the husband as opposed to an attempt to meet the wife’s, needs. The order contained findings that the wife made no effort to adjust her living conditions or to become self-sufficient, that the real property had been allowed to deteriorate, that the husband had exhausted his resources and accumulated obligations, and that the wife owned a one-half interest in real property in North Carolina. The court ordered alimony terminated and the marital home either to be sold by agreement of the parties or to be partitioned pursuant to the husband’s motion for partition.
We are called upon to determine whether this order constitutes an abuse of discretion. The test for such a determination is whether there was a change in circumstances since the 1975 order and if so, whether that change is legally sufficient to support the terms of the subject order. In addition, error is suggested as to the husband’s standing to partition.
Record evidence of the circumstances of the parties then and now reveals the following.
The wife, at the time of the hearing, was 65 years of age. She was not entitled to social security. At one time she was qualified to teach school and was an excellent seamstress. This was at least thirty *612 years ago. She has a medical history of rather severe edema in her right leg with other complications. Her ability to find employment at her age or her physical ability to perform satisfactorily are seriously suspect. She has not been to a doctor or dentist or had her glasses checked for several years. She is unable to afford anything other than minor emergency repairs to the house. During the summer the air conditioning runs for one hour each morning and one hour each afternoon to save the cost of electricity. Often she goes without eating for two days a week and she has meat only once a week. Most of the time she mows the lawn herself and keeps up the grounds in addition to keeping house. Her income consists solely of the alimony of $225 a month, which is fully taxable to her. She must also pay income tax on that portion of the mortgage payments made by the husband which is treated, for tax purposes, as additional alimony to her.
By contrast, the husband, now 57 years of age, had taxable income at the time of the 1975 hearing of approximately $17,000. This had increased by the time of the most recent hearing to something between $25,-000 and $80,000. His present wife is also employed. They own a home valued at more than the home in controversy here. His financial affidavit shows that he spends more for food and entertainment alone ($240) than appellant has to live on ($225). The only adverse change of circumstances even hinted at by this record is that the husband has several new charge account payments and a large mortgage payment to make. This is not the change of circumstances contemplated by law upon which modification may be based. If it were, the shops would be full of ex-spouses running up charge accounts and taking out loans in order to support a financial statement that would warrant modification.
We do not, however, conclude that there is no equity on the husband’s side. We can appreciate the frustration occasioned by the wife’s total failure to accommodate herself to the necessity of becoming as self-sufficient as may reasonably be expected of a woman of her age, with her medical problems and with her education and expertise. The record shows that she has made little effort to help herself. We do not condone her attitude in that respect. On the other hand, we cannot ignore the very real and most likely alternative to alimony. The possibility of any rehabilitation is slight if not non-existent. If alimony terminates, then welfare seems the almost certain eventual consequence. That is an unacceptable alternative. We can fully appreciate the difficult task which faced the trial judge in balancing these equities and policy considerations. We are nonetheless forced to conclude that he fell into error. Our conclusions follow.
The husband is in arrears of alimony in the amount of $112.50 for March of 1975. An order shall be entered requiring immediate payment of this arrearage.
The husband had no right to immediate possession of the real property when he sought to partition. The order is erroneous in suggesting that the husband’s motion would conditionally be granted. He had no standing sufficient to support an application for partition. Pollack v. Pollack, 31 So.2d 253 (Fla.1947).
The wife’s application for costs and attorneys’ fees was denied. The wife is entitled to costs and reasonable attorneys’ fees. Cummings v. Cummings, 330 So.2d 134 (Fla.1976).
The husband has failed to pay attorneys’ fees in the amount of $2,500 required by a previous court order. An order requiring him to pay that arrearage promptly shall be entered.
Finally, the record simply does not evidence that change of circumstances which would support a modification of the 1975 order. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We reverse the order appealed from in its entirety and reinstate the order of 1975 in all respects, appropriately modified to conform with our conclusions. The husband shall be required to reimburse the wife for any mortgage payments made by her pursuant to the or *613 der, his obligation to make mortgage payments shall be reinstated and he shall be required to pay within a reasonable time any arrearages of alimony accrued since the filing of the petition for modification. Appellant’s motion for attorneys’ fees on appeal is granted, the amount to be determined on remand. Appellee’s motion for attorneys’ fees is denied.
We reverse and remand for further appropriate proceedings.
REVERSED and REMANDED.
MOORE and GLICKSTEIN, JJ., concur.