390 So.2d 453 (1980)
Martha B. WITHERS, Appellant,
v.
Robert W. WITHERS, Appellee.
No. 79-817.
District Court of Appeal of Florida, Second District.
November 19, 1980.
*454 John W. Boult, Tampa, for appellant.
Stephen W. Sessums of Albritton, Sessums & McCall, Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant Martha B. Withers appeals a postdecretal order terminating alimony payments. She argues, inter alia, that evidence before the trial court failed to show a change of circumstances sufficient to justify termination of alimony. We agree and reverse.
The parties were divorced in January, 1964. The final judgment of dissolution provided $500 per month permanent alimony from appellee, Dr. Withers, to appellant. By a subsequent order dated January 29, 1969, the alimony was reduced to $450 per month.
In October, 1978, Dr. Withers filed a motion for termination of alimony payments grounded upon three assertions: 1) that children who were minors at the time of the initial decree were now adults; 2) that the wife was a registered nurse capable of full self-support without the assistance of alimony; 3) that the husband had paid the wife $30,000 in settlement of the wife's claim to an interest in certain real estate and stock.
The final order terminating alimony payments made the following findings of fact: 1) that the children of the parties were now adults; 2) that Dr. Withers was over sixty years of age and was not physically able to work as much as he did at the time of the final decree of divorce; 3) that Martha Withers was a registered nurse and was able to earn considerably higher wages now than she did several years ago when she commenced her employment as a registered nurse; 4) that Martha Withers resided in Fort Pierce where she was gainfully employed as a registered nurse, but had neither sold nor rented her home in Tampa, even though she no longer lived in it; 5) that Martha Withers had sufficient assets and income to support herself properly without further alimony; 6) that Florida law provided that women who are capable of supporting themselves should do so without alimony; 7) that the court was authorized to modify or terminate alimony based on changes in circumstances, such as the children reaching their majority, where the wife is gainfully employed on a full-time basis and accumulating assets and income.

*455 DISCUSSION
The applicable rule in the instant case is that, in order to terminate permanent, periodic alimony, the complaining party must clearly show a substantial change in the circumstances of one or both parties, which circumstances must not have been present and contemplated at the time of the final judgment of dissolution. The complaining party must allege that he or she is no longer able to pay any amount of alimony or that the recipient is able to support himself or herself through their own efforts or resources.
Applying this rule to the evidence presented in the instant case, we find that:
1) Dr. Withers' estate was estimated to be approximately $750,000. His gross professional income in 1978 was $70,000 with a net of $37,000. His trust income totalled $14,500, interest income $5,000, and rental income $70,000. Dr. Withers' home was valued at $100,000 with a $50,000 mortgage.
2) At the time of final hearing on the motion, Martha Withers netted approximately $660 per month from her employment and had $2,000 in savings. Her expenses exceeded her income by about $600 per month. Her house in Tampa was valued at $19,000 on which there was a $9,000 mortgage. The house was occupied by one or more of the parties' adult daughters who, according to Martha Withers, were in dire financial straits. For this reason, she did not charge rent on the home.
3) Following the 1964 divorce, the marital home was titled in the parties' joint names. When Dr. Withers failed to pay his income taxes for that year, the IRS seized the home and subsequently sold it back to him in his name alone. Martha Withers' efforts to enforce her interest in the home resulted in a $30,000 settlement, of which she netted approximately $17,000 after attorney fees.
4) Dr. Firestone, a family practitioner, testified that in his opinion it was "questionable whether Mrs. Withers will be able to work as a nurse in any capacity. I think her capacity to work is marginal and she could possibly sit at a desk and answer the phone and keep some notes but that's about all she can do presently."
5) Dr. Gonzalez, a psychiatrist, testified that Martha Withers' condition "has deteriorated throughout the years a lot." She continues to suffer from chronic depression and chronic alcoholism and "she will not be able to sustain any gainful activity for any length of time."
6) Martha Withers testified that due to her current physical and mental condition, her present employment as a nurse is on a temporary, probationary basis.
7) Martha Withers was an alcoholic at the time of the 1964 dissolution.
8) The sale of the marital home was contemplated at the time of the 1964 dissolution.
In light of these facts, we hold that Martha Withers is not presently able to provide herself with a reasonably adequate standard of living. Dr. Withers has the present ability to pay $450 per month permanent alimony. The fact of Martha Withers' alcoholism and related problems is not a substantial change in circumstances, but was considered by the court in granting the 1964 dissolution on the grounds of "habitual intemperance." Not only was the sale of the marital home contemplated in 1964, but Martha Withers' share of the proceeds would have netted her nearly twice as much had she not been forced to resort to a judicial enforcement of her interest. Dr. Withers' health problems alone do not suffice to justify termination of his alimony obligation absent a showing that he is not financially able to pay $450 per month. Osman v. Osman, 280 So.2d 67 (Fla. 3d DCA 1973).
The fact that Mrs. Withers allows her adult daughters to live rent-free in her Tampa house is not, in and of itself persuasive on the question of alimony termination. In Horner v. Horner, 222 So.2d 791 (Fla. 2d DCA 1969), we held that a former wife's use of alimony payments for alcohol and drugs would not serve as a basis to relieve the former husband from alimony *456 payments where the husband did not allege his inability to continue to make the payments. We would scarcely be inclined to terminate the instant payments because the former wife contributes to the welfare of her children out of her meager resources.
For the reasons stated, we reverse the final order terminating alimony payments and reinstate the $450 per month permanent alimony.
BOARDMAN and CAMPBELL, JJ., concur.