SHAW, Judge,
dissenting.
I find the ex-wife’s challenge to the reduction in alimony well taken. I find it particularly significant that the Tennessee final decree incorporated the parties’ agreement concerning alimony and division of property. When that agreement was entered, appellant was unemployed and appel-lee was earning $29,000.00 per year. Appellant is now employed as an assistant manager at Crown Crafts, earning a net income of $119.85 per week. Appellee’s income now is in excess of $48,000 per year, and as Vice President of Southeastern Specialties he has fringe benefits which include a new car every three years, paid vacations, health and life insurance, pensions and profit sharing, and the use of a boat. Appellee’s arguments against honoring his agreement are the wife’s employment and his current obligations. I am unimpressed. The employment was foreseeable, and the obligations were voluntarily assumed subsequent to dissolution of the marriage. Appellee has demonstrated neither an inability to honor his agreement nor a change of circumstances that was not present and contemplated when the Tennessee decree was entered. Withers v. Withers, 390 So.2d 453 (Fla. 2d DCA 1980). The only change in circumstances has been to the betterment of ap-pellee. There is nothing in the record to *39 indicate that appellee has been a victim of misfortune or that he has suffered a decline in income or a substantial change in circumstances beyond his contemplation. To quote from Justice Terrell, “One who deliberately takes on himself the pleasure of supporting two wives, both of whom are shown to have been faithful, should not in Equity be permitted to welsh on his agreement.” Schiff v. Schiff, 54 So.2d 36 (Fla.1951). For the reasons stated, I would REVERSE the trial court’s reduction of alimony-