463 So.2d 485 (1985)
Jack HENDERSON, Appellant,
v.
Marilyn HENDERSON, Appellee.
No. 84-1185.
District Court of Appeal of Florida, Second District.
February 8, 1985.
*486 Craig M. Spanjers of Stanley, Wines, Bennett, Murphy, Spanjers & Helms, Auburndale, for appellant.
Arthur C. Fulmer of Smith, Fulmer & Smith, Lakeland, for appellee.
DANAHY, Judge.
Four months after the final judgment which dissolved the marriage of the parties the husband filed a petition to decrease the award of permanent alimony because of a change in his finances. After a hearing, the trial court denied the petition. The husband appeals that order. We affirm.
The husband has experienced wide fluctuations in his finances, largely because his solely-owned corporation is in the throes of reorganization in the bankruptcy court. The bankruptcy proceedings were not concluded at the time of the hearing on the husband's petition. We can understand why the trial judge found that the evidence of these constant changes in the husband's finances did not meet his burden of a "strong showing" of a "permanent" decline in his ability to make the alimony payments. Schiff v. Schiff, 54 So.2d 36 (Fla. 1951); Thibodeaux v. Thibodeaux, 461 So.2d 1035 (Fla. 2d DCA 1985); Bish v. Bish, 404 So.2d 840 (Fla. 1st DCA 1981). It may be that when the husband's finances become stabilized, through termination of the bankruptcy reorganization or otherwise, he will be able to prove that any post-judgment financial misfortune is of such a material, involuntary, and permanent nature as would entitle him to relief. On this record he has not done so.
AFFIRMED.
GRIMES, A.C.J., and FRANK, J., concur.