502 So.2d 997 (1987)
Dorothy Mae TINSLEY, Appellant,
v.
Lowell Andrew TINSLEY, Appellee.
No. 86-97.
District Court of Appeal of Florida, Second District.
February 18, 1987.
Peter N. Meros of Meros & Smith, P.A., St. Petersburg, for appellant.
G. Robert Schultz, St. Petersburg, for appellee.
DANAHY, Chief Judge.
The twenty-seven-year marriage of Dorothy (wife) and Lowell (husband) Tinsley was dissolved in 1979. In the final judgment the court ordered the husband to pay the wife $1,200 per month as permanent periodic alimony. The wife appeals a post-judgment order of modification which reduced the alimony to $1,075 per month. We find that the husband failed to establish a substantial change of the circumstances of either party justifying the reduction. Accordingly, we reverse.
At the time of the dissolution of their marriage, the parties entered an agreement providing, among other things, that the husband would pay $1,200 per month as permanent periodic alimony and that the obligation would survive his death and bind his estate. At that time the parties anticipated that the wife would continue in her then position as a real estate agent, or would become employed as a nurse.
In 1985, the husband petitioned the circuit court for a decrease in alimony and the wife counterpetitioned for an increase. The court found that the husband's income had increased along with his expenses and therefore found that there was no substantial change in his circumstances. The husband does not dispute that finding. Suffice it to say that the record shows he has more spendable income now than at the time of the dissolution.
Since the dissolution of the marriage, the wife has worked as a nurse. There was no evidence that she had any appreciable increase in income since the divorce beyond an amount which was contemplated by the parties at the time of the dissolution. The wife has, from time to time, contributed to the support of the parties' adult daughter and son who were in need of help because of their personal problems which are not relevant to this discussion. Additionally, the wife adopted the parties' six-year-old grandson when he suffered abuse and neglect from his natural mother, the parties' daughter. The wife's health is deteriorating, she is in need of surgery, and she has no health insurance. As a consequence of *998 the adoption and her serious health problem, the wife has been working part-time, relying on the alimony to supplement her income.
In the order before us the court found that the wife's needs and expenses "would be less ... but for [the] contributions to the support of the children and grandchild." Despite that statement, it is obvious that the court really focused on the wife's expenditures on behalf of the adopted child since the court order went on to state that "the court disregards the contributions that she has testified to making towards the support of and maintenance of the parties' two adult children." Although the court commended the wife's voluntary adoption of the parties' grandson, it felt it was not the responsibility of the husband to contribute indirectly to his support. Based on these facts, the court concluded that the wife had a substantial change of circumstances in that, to the extent she had expenses on behalf of the adopted child, her own need for alimony was now less. This circumstance, the court concluded, warranted a reduction in alimony. We cannot agree.
Where the alimony sought to be modified was, as here, set by the court upon an agreement of the parties, the party who seeks a change carries a heavier than usual burden of proof. Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981); Coe v. Coe, 352 So.2d 559 (Fla. 2d DCA 1977); Tsavaris v. Tsavaris, 307 So.2d 845 (Fla. 2d DCA 1975), cert. denied, 322 So.2d 914 (Fla. 1975); Howell v. Howell, 301 So.2d 781 (Fla. 2d DCA 1974). The husband has not carried his heavy burden in this case. Ordinarily, the purposes to which the spouse puts the alimony award generally do not support a modification of the award. Our supreme court has held that a wife's extravagant life-style and squandering her alimony on gambling will not justify a downward modification of alimony. Phillippi v. Phillippi, 148 Fla. 393, 4 So.2d 465 (Fla. 1941). Following Phillippi, this court has declined to reduce alimony that was spent on alcohol and drugs, Horner v. Horner, 222 So.2d 791 (Fla. 2d DCA 1969), and where a wife has allowed her adult children to live rent-free in a home she owned, Withers v. Withers, 390 So.2d 453 (Fla. 2d DCA 1980), petition for review denied, 399 So.2d 1147 (Fla. 1981). These cases support our disposition. When we consider the circumstances of those cases and those in the instant case, we have no trouble finding that it was error for the court to reduce the agreed-upon alimony on the grounds of a substantial change in the wife's circumstances.
The order of modification is reversed.
HALL, J., and GRIMES, STEPHEN H., Associate Judge, concur.