HALL, Judge.
The appellant, H. Ralph Johnson, appeals the trial court’s order denying his petition to modify the alimony provision of the final judgment of dissolution of marriage.
The parties were divorced pursuant to a final judgment of dissolution rendered on April 4, 1984. The judgment incorporated a property settlement agreement wherein the appellant agreed to pay the appellee $250 per month as permanent periodic alimony. Thereafter, on January 2, 1986, the appellant filed a petition for modification of the final judgment. The trial court entered an order denying the petition. The appellant contends that the trial court erred in denying the modification as he has shown a material change in circumstances and financial ability that makes it impossible for him to pay any amount of alimony. We agree.
The record reflects that the appellant has not worked since November of 1985, when he underwent open heart surgery. In addition to his heart condition he has developed back problems which have rendered him totally disabled and thus unable to do any type of work. The appellant has no assets and no other source of income, except a pending claim for disability payments from Social Security. The record also reflects that even though the appellee’s income has increased since the date of the dissolution, the appellee has been forced to liquidate her assets in order to make ends meet and her financial condition has deteriorated since the dissolution.
We find that the appellant has presented substantial, competent evidence to justify the modification of the alimony provision and the trial court erred in not terminating alimony as of the date of the petition for modification. As Judge Hobson stated in Withers v. Withers, 390 So.2d 453, 455 (Fla. 2d DCA 1980):
[I]n order to terminate permanent, periodic alimony, the complaining party must clearly show a substantial change in the circumstances of one or both parties, which circumstances must not have been present and contemplated at the time of the final judgment of dissolution. The complaining party must allege that he or she is no longer able to pay any amount of alimony....
See also Brown v. Brown, 440 So.2d 16 (Fla. 1st DCA 1983).
However, if the appellant is granted disability payments from the Social Security System, a modification of the alimony award might not be justified. We therefore remand this matter to the trial court for an evidentiary hearing to determine whether the appellant is receiving disability income from Social Security or any other source that would justify a resumption of the permanent alimony.
Reversed and remanded.
SCHEB, Acting C.J., and RYDER, J., concur.