RYDER, Acting Chief Judge.
The former wife appeals the trial court’s order reducing the former husband’s alimo *1071 ny obligation from $750.00 per month to $250.00 per month. The trial court’s order found “that there has been a substantial change in circumstances” requiring modification, but was no more specific or detailed than that. We reverse and remand for reinstatement of the original alimony obligation.
The facts before the trial court pertinent to the modification petition were these: the parties were divorced in 1984; appellee’s gross income in 1983 was $55,000.00 (which .included a one-time payment of $24,000.00 from real estate commissions); his gross income for each of 1984 and 1985 was approximately $30,000.00 a year; his gross income for 1986 was projected (from nine months of actual income) to be $50,000.00. The trial court also had before it the fact that appellee had “subcontracted” for accounting firms prior to 1986, but was self-employed beginning in 1986 and his expenses had increased due to the change in employment.
We note that the trial court did not have before it any of appellee’s tax returns more recent than 1983. In addition, the 1986 business expenses claimed by appellee were only verified by appellee’s financial affidavit. Due to appellee's practice of writing checks before he obtained money and “holding” the checks until sufficient funds were deposited in the account before releasing them, there was no independent verification of appellee’s expenses in the record.
Given the above, we hold that the evidence before the trial court in this case was insufficient as a matter of law to support a finding that any change in circumstances was either permanent or substantial. The party seeking a change in alimony payments must show both a permanent and a substantial change in circumstances. Henderson v. Henderson, 463 So.2d 485, 486 (Fla. 2d DCA 1985); Thibodeau v. Thibodeau, 461 So.2d 1035, 1036 (Fla. 2d DCA 1985). Since the requirements of the law were not satisfied, the trial court erred in permitting a modification. Thus, the order is reversed and set aside. The trial judge is ordered to reinstate the original alimony obligation of $750.00 a month.
Reversed and remanded with instructions.
LEHAN and HALL, JJ., concur.