ALTENBERND, Judge.
The former wife appeals a provision within a final judgment of dissolution which terminates permanent alimony if she “cohabits with another person.” We reverse and order the trial court to strike that condition upon remand.
The parties were married on April 20, 1969, and resided together until June, 1986. The only child of the marriage is now a legal adult. Pursuant to the final judgment, the former marital home is to be sold and the net proceeds divided equally between the parties.
While the record in this case contains some evidence that the wife “had been spending some overnight time” with a male individual in the marital home, the record does not contain any evidence that the relationship at the time of the final judgment was long-standing. The record contains no evidence of any financial support by the “male individual.” There is no evidence that the wife intended the relationship to become permanent.
The restriction placed upon permanent alimony by the lower court in this case is inappropriate under the facts of this case. Upon its face, the final judgment would prohibit the former wife from living with her best female friend, her brother, or even her own mother. We have previously disapproved a similar provision terminating permanent alimony upon the wife’s cohabitation with a male. Condren v. Condren, 475 So.2d 268 (Fla. 2d DCA 1985). See also Tyler v. Tyler, 427 So.2d 1027 (Fla. 2d DCA 1983).
Because the record does not contain evidence that the former wife had entered into any relationship of cohabitation prior to the final judgment of dissolution, it is possible that such a future development, under appropriate facts and circumstances, may authorize a petition to modify the final judgment. See Lowry v. Lowry, 512 So.2d 1142 (Fla. 5th DCA 1987); Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3d DCA 1975), cert. den., 328 So.2d 844 (Fla.1976). That is an issue for another time. It should not have been preempted by nonspecific language within the final judgment. We note that this case does not involve restrictions placed upon a party with custody of a minor child.
Reversed with instructions to the trial court to strike “or cohabits with” from the final judgment upon remand.
LEHAN, A.C.J., and PARKER, J., concur.