564 So.2d 533 (1990)
Maxine Jaremka COWIE, Appellant,
v.
Robert A. COWIE, Appellee.
No. 89-02629.
District Court of Appeal of Florida, Second District.
June 29, 1990.
*534 David J. Kurland of David J. Kurland, P.A., Clearwater, for appellant.
No appearance for appellee.
ALTENBERND, Judge.
Maxine Jaremka Cowie, the former wife, appeals the trial court's order which modified the final judgment of dissolution and reduced her permanent alimony from $600 to $475 per month. We reverse because Robert A. Cowie, the former husband, did not meet his burden to establish a permanent, unanticipated, substantial change in the financial circumstances of one or both parties. Jones v. Jones, 524 So.2d 1070 (Fla. 2d DCA 1988); Henderson v. Henderson, 463 So.2d 485 (Fla. 2d DCA 1985); Penland v. Penland, 442 So.2d 1054 (Fla. 1st DCA 1983).
The parties were married in 1963 and divorced in 1986. At the time of their divorce, the husband was forty-four years old and the wife was forty-three. At that time they had two children; one was a teenager and the other was an adult. The husband had worked as a teacher, had a master's degree, and was working as a division manager for a surgical manufacturing company, earning in excess of $50,000 at the time of the divorce. As part of the divorce, the couple sold their $150,000 home and divided the equity.
During the initial divorce proceeding, the parties vigorously litigated the wife's earning capacity. The wife had only a high school diploma and testified that she did not expect to earn more than $481 per month after the divorce. The husband, however, introduced evidence that the wife had earned between $11,000 and $14,600 during the years of 1979 to 1982.
In February 1986, a final judgment of dissolution was entered by Judge Federico. That judgment awarded the wife $400 per month in child support for the teenager and $600 per month in permanent alimony. The judgment contained no finding of fact concerning the wife's future earning capacity. The husband moved for rehearing and argued that the alimony was excessive and should be changed to $300 per month and classified as rehabilitative alimony. The motion for rehearing was denied in March 1986 and the husband did not appeal.
In June 1987, less than eighteen months from the entry of the judgment, the former husband filed a petition for modification of the permanent alimony. The petition alleged that there had been a substantial increase in the former wife's income and a decrease in his income. The petition was not heard until August 1989. It was not considered by Judge Federico, but rather by another trial judge. Ms. Cowie represented herself at the modification hearing.
At the modification hearing, the former husband did not establish any change in his own income. He did testify that he had remarried and had purchased a home with an adjustable rate mortgage. These obligations sometimes made it difficult for him to pay his alimony obligation. As a matter of law, however, these obligations, *535 which he had voluntarily created, are not sufficient grounds to modify the amount of alimony. Freeland v. Purcifull, 347 So.2d 726 (Fla. 2d DCA 1977); Johnson v. Johnson, 386 So.2d 610 (Fla. 4th DCA 1980); McIntyre v. McIntyre, 380 So.2d 1195 (Fla. 5th DCA 1980).
Concerning the former wife's financial condition, two matters were presented. First, the former husband established that the former wife had received $31,000 in gifts from her parents after the divorce. She used $6,000 of this money to purchase a used 1985 Chevrolet Celebrity. The remaining money was used as a down payment on a house, which she purchased for approximately $85,000. Her mortgage on that house equalled the alimony payments from her former husband. Without holding that a substantial, unexpected gift could never be a change in circumstances which would permit a modification of alimony, we hold that these modest intrafamilial gifts, which were clearly intended to help Ms. Cowie start a new life after her recent divorce, were not a financial change for which the former husband should receive a benefit. Cf. Rosen v. Rosen, 528 So.2d 42 (Fla. 3d DCA 1987) (parental gift of $100,000 which generated interest income could constitute a substantial change), review denied, 537 So.2d 569 (Fla. 1988).
Second, the former husband established that Ms. Cowie changed jobs after the divorce and had made approximately $18,000 in both 1987 and 1988 by working two jobs. Although this amount is substantially higher than the amount which Ms. Cowie testified that she would be capable of earning at the time of the dissolution hearing, it is not substantially higher than the amount which the husband's evidence had suggested she would be capable of earning. Moreover, the financial affidavit which Ms. Cowie presented at the modification hearing was not challenged and clearly showed that she needed the full alimony amount to support her modest life-style, which at best was comparable to the life-style enjoyed by the couple during the marriage.[1] These changes in the wife's financial conditions are not sufficient to justify a modification of alimony. Galligher v. Galligher, 527 So.2d 858 (Fla. 1st DCA 1988).
We recognize that a petition for modification is addressed to the sound discretion of the trial court and that the trial court's discretionary decisions are binding on this court unless no reasonable trial judge would take the view adopted by the trial judge. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Landry v. Landry, 436 So.2d 353 (Fla. 1st DCA 1983). On the other hand, as a matter of law, a petitioner seeking a modification must present an adequate showing of a permanent, unanticipated, substantial change in financial circumstances to demonstrate an entitlement for any relief. Jones; Henderson.[2] Until the petitioner presents evidence which surpasses this minimum threshold, the trial court does not have the authority to exercise its discretion to provide relief. It is not the purpose of a petition for modification to permit a delayed appeal of a final judgment of dissolution from one circuit judge to another. In this case, the evidence presented by the husband did not satisfy his burden of proof on the issue of entitlement and the trial court did not possess the discretion to modify the earlier alimony award.
Reversed.
RYDER, A.C.J., and PARKER J., concur.
NOTES
[1] It should be noted that the minor child is now an adult. Thus, Mr. Cowie no longer pays, and Ms. Cowie no longer receives, the $400 monthly child support.
[2] Although the petitioner's burden is not as great when the alimony has been set by the court as when it is set by agreement of the parties, the petitioner must still present evidence which would warrant a judge to conclude that the circumstances are substantially different than those faced by the parties and considered by the trial court at the time of the initial divorce proceeding. See Tinsley v. Tinsley, 502 So.2d 997 (Fla. 2d DCA 1987).