585 So.2d 468 (1991)
Candy J. TOWNSEND, Appellant,
v.
Roger G. TOWNSEND, Appellee.
No. 91-00028.
District Court of Appeal of Florida, Second District.
September 6, 1991.
William W. Wilhelm, Clearwater, for appellant.
Robert H. Willis, Jr., of Skelton, Willis & Bennett, and Seymour A. Gordon of Gay and Gordon, P.A., St. Petersburg, for appellee.
ALTENBERND, Judge.
This is the second trip that the Townsends have made to this court. In the first appeal, we held that the final judgment of dissolution could not contain language which terminated the wife's permanent alimony upon cohabitation with another person. Townsend v. Townsend, 538 So.2d 129 (Fla. 2d DCA 1989). Thereafter, the former husband filed a supplemental motion to modify the final judgment. The motion requested that permanent alimony *469 be substantially reduced or terminated because his former wife was permanently residing with another man. Based on a very limited stipulation of facts, the trial court modified the final judgment and terminated permanent alimony. We reverse the modification because the husband failed to establish a permanent, unanticipated, substantial change in the financial circumstances of one or both parties. Such proof is a prerequisite to a trial court's authority to exercise discretion to modify permanent alimony. Cowie v. Cowie, 564 So.2d 533 (Fla. 2d DCA 1990). Even if the stipulation had been sufficient to allow a discretionary decision by the trial court, a termination of permanent alimony, especially a termination without reservation of jurisdiction to reinstate alimony, is an abuse of discretion based on this record. Withers v. Withers, 390 So.2d 453 (Fla. 2d DCA 1980), review denied, 399 So.2d 1147 (Fla. 1981). See also Brown v. Brown, 440 So.2d 16 (Fla. 1st DCA 1983).
This couple married in 1969 and divorced in 1987. They have one adult child. During the marriage, they had a typical, middle-class life-style and limited marital assets. At the time of the final hearing, the husband was 42 years old and earned approximately $44,000 annually as a banker. The wife was employed as a secretary, earning approximately $13,300 annually. The final judgment awarded the wife $500 a month as permanent periodic alimony, $30,000 as equitable distribution for her interest in the marital home, a fair share of the marital personalty, and attorneys' fees.
When the husband requested this modification of the final judgment, the trial court did not conduct an evidentiary hearing, but relied exclusively on stipulated facts. The stipulation contains no information concerning the husband's employment or current economic condition. Thus, we assume that his ability to pay alimony is unchanged. The economic evidence concerning the wife establishes that she is still employed as a secretary at a somewhat reduced income. She used $4,700 of her equitable distribution to purchase a recreational boat. She invested another $16,000 as a down payment in a $120,000 house. She purchased the house in joint name with a man. The man contributed no down payment, but the two owners are each paying 50% of the mortgage, taxes, insurance, and utilities. The two owners have lived together continuously in the house since Labor Day 1989. While the man contributed no down payment toward the house, he is allowing Ms. Townsend to use an automobile worth $8,000. Each buys his or her own food, but they share the same kitchen.
As a result of this living arrangement, the wife has a slightly reduced cost of living and has been able to save $100 a month of the $500 a month alimony payment. Accepting her most recent financial statement, she lives conservatively on her total net income, and the termination of alimony would, in all likelihood, result in a weekly deficit approximately equal to the alimony payment.
Although the trial court based its judgment on the concept of a "de facto marriage" between the wife and the man with whom she shares this residence, we decline to use this case as a vehicle to announce this court's position on the effect, if any, of a "de facto marriage" on a spouse's continuing obligation to pay permanent alimony. See Lowry v. Lowry, 512 So.2d 1142 (Fla. 5th DCA 1987); Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3d DCA 1975), cert. denied, 328 So.2d 844 (Fla. 1976). See generally Langbein, Post-Dissolution Cohabitation: "The Best of Both Worlds?", 57, no. 10, Fla.Bar J. 656 (1983). We note that the record contains no testimony and little stipulated evidence concerning the man who currently lives with the wife. Neither the trial court nor this court knows whether he is employed or the extent of his assets. We do not know the nature or extent of any legally binding agreement between the two parties. We do not know how much money he is contributing to the wife's support and vice-versa. At oral argument, the husband agreed that he could justify a modification for economic reasons, and did not wish to rely upon "moral" reasons. Accordingly, we limit this case to a strictly financial analysis and leave the *470 difficult concept of "de facto marriage" for another case.
This court has a well-established rule by which it tests the propriety of an order that completely terminates permanent alimony:
The applicable rule in the instant case is that, in order to terminate permanent, periodic alimony, the complaining party must clearly show a substantial change in the circumstances of one or both parties, which circumstances must not have been present and contemplated at the time of the final judgment of dissolution. The complaining party must allege that he or she is no longer able to pay any amount of alimony or that the recipient is able to support himself or herself through their own efforts or resources.
Withers, 390 So.2d at 455 (emphasis in original).
In this case, the husband has not clearly shown any change in his own circumstances. The economic change established concerning the wife is modest, not necessarily permanent, and does not establish that she is able to support herself through her own means. Economically, the wife has modestly improved her condition, at least temporarily, by sharing the expense and investment of a home and a car with another person. This alone is not enough to authorize a modification of alimony, let alone a complete termination. Cowie; Withers. The final judgment as modified by our last mandate must be reinstated.
Reversed and remanded.
DANAHY, A.C.J., and LEHAN, J., concur.