638 So.2d 1051 (1994)
Kathleen J. McMANUS, Appellant/Cross-Appellee,
v.
Richard J. McMANUS, Appellee/Cross-Appellant.
No. 93-03387.
District Court of Appeal of Florida, Second District.
June 24, 1994.
*1052 Thomas W. Franchino of Lehman, Franchino & Rawson, P.A., Naples, for appellant/cross-appellee.
Victoria M. Ho of Asbell & Ho, P.A., Naples, for appellee/cross-appellant.
THREADGILL, Judge.
Kathleen J. McManus, the former wife of Richard A. McManus, appeals an order terminating permanent periodic alimony awarded in a final judgment of dissolution. The husband cross-appeals the trial court's failure to make the termination retroactive and the trial court's award of attorney's fees to the wife. We reverse the termination of alimony on the ground that there was no substantial competent evidence to show that the husband was unable to pay any alimony at all. We therefore need not reach the husband's first issue on cross-appeal. We affirm the husband's second issue, the award of attorney's fees, finding no abuse of discretion given the husband's greater assets and income.[1]
The parties were divorced on May 29, 1989, in Massachusetts when they were both approximately 61 years old. The final judgment awarded the wife $4,000 per month permanent periodic alimony and divided the parties' assets, distributing approximately $900,000 to each. The alimony was to terminate when either party died or the wife remarried. At the time of the divorce, the husband was a radiologist earning $200,000 to $300,000 a year. At age 63, he was compelled to retire, and he and his new wife and her two children moved to Naples, Florida. On April 22, 1993, at 65, the husband filed a petition for modification of alimony.
The wife contends that the husband's retirement does not constitute an unanticipated change of circumstances given the husband's age at the time of dissolution and given his admission that he had anticipated retirement at the time of the dissolution. She also contends on appeal that termination of alimony was error because the husband retains the ability to pay some alimony. Contrary to the wife's argument, we hold that the husband's post-judgment retirement constitutes a change of circumstances which may be considered together with other relevant factors upon a petition to modify alimony. See Pimm v. Pimm, 601 So.2d 534 (Fla. 1992). However, we agree with the wife that the termination of alimony was unwarranted.
In order to terminate permanent, periodic alimony, the complaining party must allege that he or she is no longer able to pay any amount of alimony or that the recipient is able to support himself or herself through his or her own efforts or resources. Townsend v. Townsend, 585 So.2d 468, 470 (Fla. 2d DCA 1991), citing Withers v. Withers, 390 So.2d 453, 455 (Fla. 2d DCA 1980). There was no showing that the husband's retirement had rendered him unable to meet any degree of alimony obligation. Nor had the *1053 wife's financial circumstances improved so that she could support herself through her own efforts or resources.
The husband's affidavits state net assets of approximately $1,200,000, approximately twice the value of the former wife's. Although he listed a $300,000 liability on his financial statement, this was a contingent liability as cosigner on his daughters' mortgages and carried no debt service in the absence of default; there was no evidence that the loans were in danger of default. The husband's affidavit also omitted equity of at least $94,000, he contributed to the Naples Condominium from the sale of a condominium he received in the dissolution.
The husband's adjusted gross income in 1992 was $96,073, including social security of $987, per month. His new wife receives $530 per month social security for herself and $265 for her minor son.
The husband's monthly living expenses including alimony are $13,457, or $161,484 annually. These include $18,000 college tuition for one of his stepchildren, $9,480 miscellaneous costs for both stepchildren, $3,120 in country club dues, and $8,000 for vacations. The trial court erred in failing to factor the new wife's social security income when considering the husband's expenses attributable to her. See Harman v. Harman, 523 So.2d 187 (Fla. 2d DCA 1988). The husband testified at trial that in 1992 he spent $100,000 to decorate the Naples' condominium. He argued to the court that at this rate of expenditure, his assets will be depleted in eight years.
Although the husband did suffer a substantial reduction in income, as did the wife, he has not, like the wife, adjusted his lifestyle accordingly. While he was spending $13,457 per month, the wife was spending $2,533.72 per month. A significant portion of the husband's monthly expenditures cannot be deemed basic necessities and must therefore yield to his obligation to the former wife. See Schiff v. Schiff, 54 So.2d 36 (Fla. 1951)[2]; Jaffee v. Jaffee, 394 So.2d 443, 445 n. 1 (Fla. 3d DCA 1981).
The husband has also failed to show a substantial improvement in the wife's financial circumstances. See Townsend, 585 So.2d at 470. Not only was there no evidence that the wife's financial circumstances had improved since the dissolution, there was undisputed evidence that her income and net worth[3] had decreased since the dissolution. We reject the husband's argument that the wife's decreased need and hence her ability to support herself within her means justifies the termination of alimony. Permanent periodic alimony provides for the needs and necessities of life to a former spouse as they have been established by the marriage of the parties. Waldman v. Waldman, 520 So.2d 87, 89 (Fla. 3d DCA 1988). The wife was awarded no rehabilitative alimony and there was no expectation that alimony would be reduced if she were able to live on less money. Furthermore, the record contains no evidence of decreased need, but of a realistic adjustment to reduced circumstances. In addition, the wife's need is expected to increase shortly, because the husband's obligation for her medical insurance terminates when the wife reaches age 65.
We therefore reverse the order terminating alimony and remand for further modification proceedings.
SCHOONOVER, A.C.J., and BLUE, J., concur.
NOTES
[1] Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980).
[2] As Justice Terrell stated: Misfortune or sharp decline in income is the criterion by which alimony payments may be reduced; $26,800 for one year's living looks like luxurious living to most of us. Schiff seems to think he should be permitted to squeeze some of it from the old wife's alimony, despite the fact that the late allowance to her is less than he and wife number two pay for lodging. A Court of Equity cannot function on any such provender. When wife number one has the equities in her favor shown here she is entitled to an orchid every time wife two gets one and Schiff cannot take bread from wife one to pay for wife two's orchid. One who deliberately takes on himself the pleasure of supporting two wives, both of whom are shown to have been faithful, should not in Equity be permitted to welsh on his agreement.
[3] The wife is now receiving additional income of $417 a month from social security, but her net assets have dropped by approximately $260,000.