ALTENBERND, Judge.
Samya L. Mekhaiel, the former wife, appeals an order that modifies the final judgment of dissolution by reducing her permanent alimony. We reverse because Riad E. Messiha, the former husband, did not plead or establish a permanent change in the wife’s economic circumstances. See Cowie v. Cowie, 564 So.2d 533 (Fla. 2d DCA 1990).
The parties were married in Egypt in 1971. They immigrated to the United States in 1985 and later became United States citizens. They have two children, the younger of whom is a minor. The wife suffers from a permanent disability and, apparently, is unable to work. The husband was trained as an engineer in Egypt and works as a nurse in this country. His gross income does not exceed $25,000. The marital assets at the time of the divorce in January 1992 were not extensive, and were probably exceeded by the marital debt.
The record reveals that the wife was considering a move to Egypt at the time of the final hearing. The trial court expressed its frustration at that hearing because the parties had not established the wife’s monetary needs if she moved to Egypt. The final judgment awarded the wife a partial interest in an apartment in Alexandria, Egypt, and permanent monthly alimony of $350. The trial court based its modest award of permanent alimony more on the husband’s limited ability to pay than upon the disabled wife’s actual needs.
The trial court also awarded primary residential custody of the minor child to the husband. Because the child allegedly remained with the wife after entry of the final judgment, the wife filed a petition for modification only a few months after the entry of the final judgment. The husband answered and filed his own request for modification, alleging that the former wife had received an unanticipated inheritance following the entry of the final judgment.
The trial court held a hearing on the petition in February 1993. By that time, the minor child was living with the husband; thus, the wife abandoned her petition for modification. The wife unsuccessfully sought a continuance of the proceedings because she had recently moved to Egypt and could not attend the hearing.
Although the husband’s pleading requested a modification only because of the wife’s inheritance, his testimony at the hearing emphasized the fact that the wife was currently living in Egypt and that the cost of living was much lower there. The husband’s testimony concerning the inheritance was speculative and based on hearsay. The trial court decided to reduce the wife’s alimony from $350 to $150 because of her move to Egypt, not because of her inheritance.
First, we are troubled by the trial court’s decision to reduce the wife’s alimony for reasons not alleged in the husband’s petition for modification. See Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Brady v. Jones, 491 So.2d 1272 (Fla. 2d DCA 1986). The wife had no notice that these issues would be litigated in her absence.
Even if her move to Egypt had been alleged as a basis for modification, the husband’s testimony did not establish that the move was permanent.[1] Because of the husband’s decision to proceed with the hearing over the wife’s written protest, the record is devoid of the wife’s testimony. In the absence of that testimony, this record does not *13 otherwise establish a permanent unanticipated change.
Reversed and remanded.
DANAHY, A.C.J., and LAZZARA, J., concur.

. At oral argument, the parties represented that the wife is currently living in Florida. We do not rely on this non-record information. Instead, our decision is based exclusively on the husband's failure to prove that the wife planned to permanently move to Egypt.