709 So.2d 644 (1998)
Linda Gail MILLER, Appellant,
v.
Ronald G. MILLER, Appellee.
No. 97-02475.
District Court of Appeal of Florida, Second District.
May 1, 1998.
*645 Tony C. Dodds of Weeks & Dodds, P.A., Lakeland, for Appellant.
Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for Appellee.
NORTHCUTT, Judge.
This appeal arises from postjudgment litigation in which the former husband petitioned for the termination of his alimony obligation. The former wife filed a counterpetition for reimbursements under a stipulated provision of the parties' divorce judgment which obligated the former husband to pay the children's college expenses. The former wife appeals the circuit court's order terminating the alimony. We affirm on that issue. See McManus v. McManus, 638 So.2d 1051, 1052 (Fla. 2d DCA 1994); Townsend v. Townsend, 585 So.2d 468, 470 (Fla. 2d DCA 1991); Withers v. Withers, 390 So.2d 453,455 (Fla. 2d DCA 1980).
The former wife also complains that the circuit court failed to enter an order on her counterpetition. Although she has couched the issue as one involving error in failing to rule, both parties have briefed the merits of the former wife's entitlement to the reimbursements as if the circuit court had denied the counterpetition on the merits. The parties litigated the counterpetition at the final hearing, and we suspect that its omission from the order under review was an oversight. But neither party brought the oversight to the circuit court's attention. On the face of the record before us, the former wife's counterpetition remains pending. We cannot address on appeal an issue not ruled upon by the circuit court. See McGurn v. Scott, 596 So.2d 1042,1043 (Fla.1992); Sierra v. Public Health Trust of Dade County, 661 So.2d 1296 (Fla. 3d DCA 1995). Therefore, we remand for the circuit court's entry of an order disposing of the former wife's counterpetition.
Affirmed in part and remanded for further proceedings.
WHATLEY, A.C.J., and CASANUEVA, J., concur.