717 So.2d 203 (1998)
Martha S. SPRINGSTEAD, Appellant,
v.
Richard W. SPRINGSTEAD, Appellee.
No. 97-1501.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
Robert J. Shapiro of Holland & Knight LLP, Tampa, and Allyson Hughes of Allyson Hughes, P.A., New Port Richey, for Appellant.
Thomas R. Eineman of Law Office of Thomas R. Eineman, Spring Hill, for Appellee.
JACOBUS, B.W., Associate Judge.
Martha Springstead, the former wife of appellee Richard Springstead, appeals the trial court's order reducing her alimony award by $500 each month based upon her two-year cohabitation with a male companion. She argues that the evidence before the trial court failed to show a change of circumstances sufficient to justify reduction of alimony. We agree and reverse.
The parties' marriage of twenty-seven years was dissolved by final judgment entered on October 5, 1992. The final judgment required the former husband, an orthopedic surgeon, to pay the former wife, a homemaker, $5000 per month in permanent periodic alimony until the former wife remarried or the death of either party. The former husband moved to modify the award of permanent periodic alimony based on allegations that the former wife was living with a male companion and that her needs had decreased since the divorce.
The order modifying the final judgment of dissolution of marriage made the following findings of fact that are relevant to this appeal: 1) the former wife had cohabitated with an adult male for at least two years; 2) at least $500 per month of the alimony paid by the former husband was used by the former wife to support her live-in companion; *204 and 3) the former wife ceased cohabitating with her male companion six months after the filing of the former husband's petition for modification. The trial judge reduced the former husband's monthly alimony obligation by $500 retroactive to the filing date of the supplemental petition for modification, thus obligating the former wife to the former husband for $11,500 in overpayment of alimony.
Once instituted, permanent periodic alimony can only be modified when the complaining party has clearly shown a substantial change in the circumstances occurring after the entry of the order awarding alimony. Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla.1980). In Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992), the supreme court explained:
[I]n petitioning to modify alimony, the moving party must show three fundamental prerequisites. First, there must be a substantial change in circumstances. Second, the change was not contemplated at the time of the final judgment of dissolution. Third, the change is sufficient, material, involuntary, and permanent in nature.
In Waldman v. Waldman, 520 So.2d 87, 89 (Fla. 3d DCA 1988), the court noted that "[t]he change in financial circumstances must be meaningful, relating to the needs of the spouse receiving the alimony and the ability of the other spouse to pay."
As a general rule, how the recipient spouse chooses to spend the alimony is irrelevant in a modification action. For example, an ex-spouse's use of alimony payments to support adult children does not justify termination of alimony. See Withers v. Withers, 390 So.2d 453 (Fla. 2d DCA 1980). Similarly, a receiving spouse can squander alimony payments on gambling and liquor without these acts resulting in a downward modification of alimony. See Phillippi v. Phillippi, 148 Fla. 393, 4 So.2d 465 (1941); Horner v. Horner, 222 So.2d 791 (Fla. 2d DCA 1969).
However, where cohabitation is involved, modification has sometimes been deemed proper due to the financial contributions to or from the receiving spouse's live-in companion.[1] Nevertheless, modification of alimony should not be based solely on cohabitation; rather, the financial impact of the cohabitation must be examined. See, e.g., Schneider v. Schneider, 467 So.2d 465 (Fla. 5th DCA 1985) (holding that to the extent permanent alimony paid to the receiving spouse was utilized to support a new partner, the alimony payment should be deemed excessive). As explained by the court in Dibartolomeo v. Dibartolomeo, 679 So.2d 72, 73 (Fla. 4th DCA 1996):
To justify a post judgment modification, the focus should not be so much on the cohabitation as on how the living situation has impacted the former spouse's financial condition and need for continued support. Because it does not entail the same benefits, duties and rights as a traditional marriage, cohabitation alone cannot precipitate a termination of alimony without the factual finding of a change in circumstances concerning the former spouse's needs and finances.
A trial court must evaluate the extent that a live-in companion benefits from the recipient spouse's expenditures. For example, a court might properly consider the advantage the companion derives from the recipient spouse's "mortgage payments, gas, telephone, electric, water/sewer payments, yard spray and cable [television]" in determining "an appropriate adjustment to [the former husband's] alimony obligation." Pill v. Pill, 559 So.2d 364, 365 & n. 1 (Fla. 5th DCA 1990).
Here, the evidence as to the amount of any diversion of alimony to the former wife's live-in companion does not support a finding of a substantial change in circumstances to warrant a downward modification of her support. The former wife had ceased cohabitating with her companion 1½ years before the modification hearing. The evidence at the modification hearing showed that although the former wife and her companion *205 "commingled monies" during the the two years of cohabitation, the former wife wrote checks for her male companion's benefit only when he reimbursed her. Furthermore, the only documentary evidence of the wife contributing to her male companion were two checks, each written for less than $100. The evidence also showed that the former wife and her companion purchased car insurance together because it was cheaper to insure two cars; however, each person paid half of the premiums. This evidence does not support the conclusion that the former wife diverted $500 per month of her alimony to her live-in companion's expenses. In addition, there was no competent, substantial evidence in the record to support the conclusion that the former wife's needs have been reduced.
Accordingly, the modification order is reversed and the cause remanded to the trial court for entry of an order denying modification and restoring the former wife's alimony to $5000 per month.
REVERSED AND REMANDED.
COBB and PETERSON, JJ., concur.
NOTES
[1] It is difficult to logically reconcile case law that does not allow modification of alimony when the receiving spouse spends the alimony on gambling, liquor, or supporting adult children but permits modification if the receiving spouse chooses to spend alimony money on supporting an adult, live-in companion.