1 So.3d 240 (2008)
GUY'S WORLD, INC., and Guy Skiver, Appellants,
v.
Timothy CONDON, Appellee.
No. 2D08-1759.
District Court of Appeal of Florida, Second District.
December 31, 2008.
Rehearing Denied February 9, 2009.
H. Vance Smith and D. James Kadyk of Kadyk, Delesie & Espat, Tampa, for Appellants.
Frederick W. Vollrath, Tampa, for Appellee.
Michael C. Addison of Addison & Delano, P.A., Tampa, as co-counsel for Appellee.
PER CURIAM.
Affirmed.
WHATLEY and KHOUZAM, JJ., Concur.
LaROSE, J., Concurs with opinion.
LaROSE, Judge, Concurring.
This is an appeal from a nonfinal order granting Timothy Condon's motion for class certification. See Fla. R.App. P. 9.130(a)(3)(C)(vi). Mr. Condon's class action complaint alleged that Guy's World, Inc., and Guy Skiver (collectively, Guy's World) violated the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 (2000). We review an order certifying a class for abuse of discretion. Fla. Health Scis. Ctr., Inc. v. Elsenheimer, 952 So.2d 575, 581 (Fla. 2d DCA 2007). I agree that an affirmance is appropriate.
By way of background, I note that Mr. Condon sued after receiving unsolicited facsimile advertisements, so-called "junk faxes." The TCPA makes it "unlawful for any person ... to use any telephone facsimile machine ... to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Mr. Condon sought statutory damages under the TCPA, as well as declaratory and injunctive relief, for himself and other "similarly situated" Florida residents. Guy's World opposed Mr. Condon's class certification motion.
After a hearing and in a comprehensive written order, the trial court concluded that the complaint satisfied the requirements of Florida Rules of Civil Procedure 1.220(a) and (b)(3). I see no reason to disturb these conclusions. We have no transcript of the hearing, nor do we have a stipulated statement of the evidence. See Fla. R.App. P. 9.200(b)(4), 9.220. The trial court's order is fundamentally sound on its face and our limited record does not demonstrate reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1980); Hoirup v. Hoirup, 862 So.2d 780, 782 (Fla. 2d DCA 2004).
On appeal, Guy's World argues that the TCPA does not authorize class actions. This is, indeed, a much litigated issue with no definitive answer. Several cases hold that a class action is an inappropriate vehicle to resolve TCPA claims. See Deborah F. Buckman, J.D., Annotation, Propriety of Class Actions Under Telephone Consumer Protection Act, 47 U.S.C.A. § 227, 30 A.L.R. Fed.2d 537, § 5 (2008). These cases suggest that Congress did not design the TCPA to provide a windfall in damages to plaintiffs who have been minimally damaged by the use of their fax machines, paper, and ink. The TCPA provides statutory *241 damages of up to $500 for each violation in small claims court. 47 U.S.C. § 227(b)(3). The TCPA provides for treble damages if faxes are sent knowingly and willfully. Id.
In Freedman v. Advanced Wireless Cellular Communications, Inc., 2005 WL 2122304 (N.J.Super. Ct. Law Div. June 24, 2005), an unpublished opinion, the court stated that class actions are invalid under the TCPA because the legislative history indicates that such relief was not intended. To the contrary, Congress intended that consumers pursue individual statutory damages in small claims court. Id. See also Kim v. Sussman, 2004 WL 3135348 (Ill.Cir.Ct. Oct. 19, 2004) (unreported opinion) (stating that to engraft on the statutory scheme the possibility of private class actions, with potential recoveries in the millions of dollars, "strikes the Court as unfair given the nature of the harm Congress attempted to redress in the TCPA."); Omerza v. Bryant & Stratton, 2007 WL 2822000 (Ohio Ct.App. Sept. 28, 2007) (slip opinion) (finding that fax at issue was not a prohibited advertisement; stating also that Congress did not intend for TCPA to create a "cottage industry" for litigation resulting in multi-million dollar verdicts).
Other cases find class actions proper under the TCPA, although often finding that the requirements for class certification have not been met. See Buckman, supra, § 4. Gene & Gene LLC v. BioPay LLC, 541 F.3d 318 (5th Cir.2008), is illustrative. There, the court concluded that the predominance requirement for class certification under Federal Rule of Civil Procedure 23(b)(3) was not satisfied. Nevertheless, the court explained that violations of the TCPA "are not per se unsuitable for class resolution.... [T]he unique facts of each case generally will determine whether certification is proper." Gene, 541 F.3d at 328. See also Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash.2007) (certifying under the TCPA a narrower class than requested and stating that the class size was "a direct result of defendant's large number of violations, for which it should not be rewarded."); Forman v. Data Transfer, Inc., 164 F.R.D. 400 (E.D.Pa.1995) (denying class certification in memorandum opinion because certification requirements were not met).
Closer to home, a federal district court decision from south Florida approved a TCPA class action settlement. See Penzer v. Transp. Ins. Co., 509 F.Supp.2d 1278 (S.D.Fla.2007). The $12,000,000 settlement represented the alleged total number of unsolicited facsimile advertisements sent (24,000) multiplied by $500, the amount of statutory damages allowed by the TCPA for each violation. Id. at 1281. See also Penzer v. Transp. Ins. Co., 545 F.3d 1303 (11th Cir.2008) (stating that claims arising out of insured's unsolicited facsimile advertisements in violation of TCPA did not bar commercial liability insurance coverage; certifying question to Florida Supreme Court concerning "advertising injury").
The legal question of whether the TCPA bars class actions calls for an answer. But, providing a useful analysis of the question requires that the issue be framed properly for our review. On the record before us, we cannot determine if this issue was raised in the pleadings or if the trial court had the opportunity to address the issue. See Miller v. Miller, 709 So.2d 644, 645 (Fla. 2d DCA 1998) (holding that an appellate court "cannot address on appeal an issue not ruled upon by the [trial] court"). Accordingly, we must constrain our scope of review and await another *242 opportunity to weigh in on this important question.