436 So.2d 353 (1983)
John Andrews LANDRY (Husband), Appellant,
v.
Barbara Carol LANDRY (Wife), Appellee.
No. AP-372.
District Court of Appeal of Florida, First District.
August 16, 1983.
*354 Barry J. Fuller, Orange Park, for appellant.
Harold C. Arnold of Hooten, Donohoe & Arnold, Jacksonville, for appellee.
MILLS, Judge.
Husband appeals from an order denying his petition for modification of an alimony award in a dissolution of marriage final judgment. The issue raised by the appeal is whether the trial court abused its discretion in denying the petition. It did not and we affirm.
The parties were divorced following a seventeen-year marriage. During the marriage the husband was a career aviation officer for the U.S. Navy. He retired in 1982 following twenty years of commissioned service. There were two children born of the marriage. One has turned eighteen and the other will next year. The wife did not work during the marriage but since has obtained a teaching certificate and is employed by the Clay County School Board.
The judgment of dissolution awarded $250 per month per child for support. The support was to continue until the child reached eighteen. Permanent alimony in the amount of $300 per month was awarded. The real property and insurance policies were divided. Jurisdiction was retained to enforce and modify the judgment.
At the time of dissolution, the husband was a lieutenant commander. He had not been informed of his imminent retirement. However, he had been passed over for commander. This was a strong hint from the Navy.
The husband subsequently remarried. His present wife has a relatively low-paying job, but she has good prospects. At the time of the hearing, husband had not found new employment. He had contacted several potential employers. His best bet seemed to be as a navigator in the offshore oil industry.
The hearing occurred two months after husband's retirement. At that time his weekly income showed a deficit of $289. Wife's income showed a deficit of $200 per month. She had assets of $94,000, liabilities of $57,000. He had assets of $105,000 and liabilities of $52,000. The bulk of both of these is in real estate and mortgages. Husband listed as an asset $27,000 for his joint interest in a sail boat. This is held jointly with his second wife.
A petition for modification is addressed to the sound discretion of the trial court, and absent an abuse of discretion clearly evident from the record, the trial court's decision will be affirmed.
The evidence in this case does not clearly show abuse of discretion. The husband retains considerable ability to pay. His capital assets include several substantial items. One of these is a $27,000 sail boat. The husband's military pension is roughly equivalent to the wife's full-time earnings in her job as a teacher. Both his possible retirement and her prospects of employment must have been considered at the initial hearing. At that time she held a degree in education, and very little work was required for her to attain a teaching certificate. The record supports an inference that the current situation was contemplated at the time of the initial judgment.
Husband has a substantial income, his present wife has an income, and they both have prospects of substantial increases in income. They are confident enough of the future to buy an expensive sail boat for recreational purposes.
Wife's prospects are limited. She will have great difficulty advancing beyond the status of a tenured teacher. Her potential employment had to be contemplated at the time of the initial judgment. Husband will be relieved of $500 per month child support shortly.
*355 An abuse of discretion has not been shown. We affirm.
ERVIN, C.J., and LARRY G. SMITH, J., concur.