440 So.2d 16 (1983)
Mirth K. BROWN, Appellant,
v.
Dwight D. BROWN, Appellee.
No. AN-149.
District Court of Appeal of Florida, First District.
October 26, 1983.
Rehearing Denied December 1, 1983.
*17 Donald L. Braddock, of Howell, Liles, Braddock & Milton, Jacksonville, for appellant.
Kathleen F. Dekker of Brown & Camper, Tallahassee, for appellee.
*18 LARRY G. SMITH, Judge.
The seventeen-year marriage of these parties ended in a 1979 Maryland divorce in which the wife was awarded alimony of $250.00 a month, and child support of $400.00 a month. After the Maryland divorce judgment was adopted as a Florida judgment in the Circuit Court of Duval County, the court modified the Maryland decree by terminating the husband's obligation to pay alimony, and reducing child support payments to $300.00 per month. The wife appeals. We affirm the order of modification except for the trial court's failure to retain jurisdiction for consideration of a future award of alimony, and remand for further proceedings with respect to that issue.
There would be little value in a detailed recitation of the evidence tracing the husband's fall from relative prosperity as a 40-year old president of a "high-tech" company earning $60,000.00 (plus) annually in 1977, prior to the divorce, to his present impecunious condition as a 44-year old, "over-the-hill" (his assessment) small company employee earning under $10,000.00 a year. We are immediately struck, however, by the improbability that one with the husband's qualifications (two engineering degrees, and a background including positions of responsibility with at least one Fortune 500 company), will forever remain down and out. We are confident that the same improbability must have occurred to the trial judge, for the record reflects the judge's close scrutiny of the husband's testimony concerning his employability. The husband has remained either unemployed or underemployed for some five years (he was fired from his $60,000.00 a year job prior to the divorce) and his testimony revealed extensive job-search efforts, as to which he says he has been disadvantaged by pending litigation with his former employer. He cites as further obstacles the fact that his engineering education is now out-dated in a world of rapidly changing technology, and he points also to the problem of over-qualification facing one of his age, background, and education in seeking re-employment at any level within his narrow field of expertise, computerized typesetting.
In his order of modification, the trial court found that the Maryland court's award of child support and alimony was based primarily upon the husband's history of high earnings, together with the presence of substantial assets not affected by the fact that he was unemployed at the time of the dissolution. Furthermore, at the time of the dissolution the wife was not engaged in income producing work. The court found, however, that since the dissolution the husband's assets have been disposed of, and despite substantial efforts on the part of the husband he is presently employed at a modest wage. The trial court noted in the order also that since the entry of the Maryland dissolution the wife has become the equitable owner of a comfortable home in Jacksonville, and with exception of a short period of time in early 1982 has been regularly employed as a legal secretary earning wages exceeding the earnings of the husband at his current employment. The trial court concluded that the husband does not have the "current ability" to pay child support and alimony as required by the prior judgment.
The rule governing the termination of permanent, periodic alimony in modification proceedings is that the moving party must show a substantial change in the circumstances of one or both parties not contemplated at the time of the final judgment of dissolution, and it must be further shown that the moving party is no longer able to pay any amount of alimony, or that the recipient has no need for alimony. Withers v. Withers, 390 So.2d 453 (Fla. 2nd DCA 1980). There is competent evidence within the requirements of this rule to support the trial judge's decision terminating alimony payments.
Whether the trial court should have retained jurisdiction for a future award of alimony is another matter. In a dissolution proceeding the question of whether to reserve jurisdiction to award periodic alimony in the future is within the trial court's discretion. Shaw v. Shaw, 334 So.2d 13 *19 (Fla. 1976). Unless the trial court's ruling is shown to be unsupported by the evidence, or an abuse of discretion, it cannot be disturbed on appeal. Id. at 17. The rule, generally, is that where there is a likelihood of a change in circumstances in the future that would warrant an award of alimony, the court should retain jurisdiction. Reed v. Reed, 244 So.2d 449 (Fla. 1st DCA 1971); Roberts v. Roberts, 283 So.2d 396 (Fla. 1st DCA 1973); Mumm v. Mumm, 353 So.2d 134 (Fla. 3rd DCA 1977); Hunt v. Hunt, 394 So.2d 564 (Fla. 5th DCA 1981). While the burden of persuasion as to retention of jurisdiction would be on the party seeking alimony in a dissolution proceeding, because of the res judicata effect of a final judgment awarding permanent periodic alimony,[1] the burden of persuasion would be upon the other party in a modification proceeding to show the absence of any basis for retention of jurisdiction for a future award of alimony. In order to secure a reinstatement of alimony, after a modification terminating it, the burden would then fall upon the party seeking alimony to establish the foundation for such an award in a later modification proceeding. See, Wing v. Wing, 429 So.2d 782, 783 (Fla. 3rd DCA 1983).
The husband's acceptance of an option to purchase 51,000 shares of stock in the company that employs him (a company he formed, but the stock in which is wholly owned by the female friend with whom he lives) can be interpreted as consistent with an expectation of better days in the future. By contrast, the wife's acceptance of financial assistance from her family, in order to buy her present house, and her automobile, and her receipt of weekly monetary contributions from her parents, are indications of her inability to maintain a suitable (at least to her) standard of living on her own earnings.
On the record before us in this case we are unable to conclude that the trial court actually addressed the question of retention of jurisdiction for the purpose of re-instituting alimony, or if he did, that the correct rule was applied in making the determination. Accordingly, jurisdiction will be temporarily relinquished to the trial judge for further proceedings, including the receipt of additional evidence and argument, in the discretion of the court, and for determination of whether jurisdiction should be reserved for a future award of alimony.
We have considered and find no reversible error in the trial court's ruling on the contempt charges, and the denial of appellant's post-hearing proffer of additional or newly-discovered evidence.
The order of modification is affirmed, except as to the issue of reservation of jurisdiction for a future award of alimony, and jurisdiction is temporarily relinquished to the trial judge for a period of thirty (30) days for further proceedings consistent with this opinion.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] See, 25 Fla.Jur.2d, "Family Law," § 482; Chastain v. Chastain, 73 So.2d 66, 68 (Fla. 1954).