502 So.2d 477 (1987)
Kathryn Elliot WARD, Appellant,
v.
Espy E. WARD, Appellee.
No. 86-1619.
District Court of Appeal of Florida, Third District.
January 27, 1987.
Rehearing Denied March 10, 1987.
Harold M. Braxton and Patricia Ann Ash, Miami, for appellant.
Joseph R. Colletti, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL PEARSON, Judge.
Eight years after the entry of a judgment dissolving the parties' twenty-nineyear marriage, the former husband, having reached age sixty-three and remarried, decided to retire from his long-held job at a hospital. While the decision to retire was Mr. Ward's to make, he necessarily knew that leaving his job in exchange for retirement would result in a substantial diminution of his income. Despite this, he left and, to accommodate his financial loss, immediately thereafter stopped paying the permanent periodic alimony of $100.00 per week that had been awarded to Kathryn, his former wife, as part of the 1977 final judgment and discontinued her health insurance coverage, an additional requirement of the final judgment. Kathryn moved to have Ward held in contempt and for a judgment of arrears; he moved to modify the alimony and health insurance *478 provisions of the final judgment. From the trial court's order refusing to hold Ward in contempt, reducing the permanent periodic alimony from $100.00 to $25.00 per week, and relieving Ward of his obligation to provide health insurance coverage,[1] Kathryn appeals.
It is clear, and the trial court did not find otherwise, that Ward's decision to retire was not mandated by his employer or by any circumstance  such as ill health  that could be said to have affected the voluntariness of the decision. Plainly and simply, he was, by his own admission, tired of working, would not work even if a job were available, and was desirous of spending his time hunting, fishing, and puttering in his yard.
While Ward was certainly entitled to retire from his more than forty years of steady employment, he was not entitled to have his former wife defray the cost of his retirement through a reduction of his long-standing obligations to her. At the time of Ward's voluntary retirement and the hearing on the parties' petitions more than a year later, Ward was  but for his precipitous decision to retire  fully capable of earning his pre-retirement income. Thus, were Ward a younger man who had simply quit his job for a lower paying one, the income he was capable of earning would be imputed to him in determining the amount of support he should be required to give to his wife, Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979); Fried v. Fried, 375 So.2d 46 (Fla. 2d DCA 1979); Bradley v. Bradley, 347 So.2d 789 (Fla. 3d DCA 1977); Mansfield v. Mansfield, 309 So.2d 629 (Fla. 3d DCA 1975), even if the result were to be to require the husband to pay an amount of alimony entirely exhausting his actual income. Bradley v. Bradley, 347 So.2d 789. The mere "use of the word `retirement' to describe [the former husband's] voluntary leaving of his job and subsequent reduction of his income does not automatically confer some preferred status upon his actions." In re Marriage of Smith, 77 Ill. App.3d 858, 862, 33 Ill.Dec. 332, 336, 396 N.E.2d 859, 863 (1979).
In our view, there is no reason why the decision to voluntarily retire should be on any different footing than is the decision to change life styles at some younger age.[2] The obligation to support a former wife of a long-term marriage does not diminish in the later years of life. Only when the ability to carry out that obligation is lessened by circumstances beyond the control of the party required to pay support will such party be entitled to have the amount of the obligation reduced. Compare Ellis v. Ellis, 262 N.W.2d 265, 268 (Iowa 1978) ("`self-inflicted or voluntary'" retirement will not constitute a ground for reduction of future payments), Moseley v. Moseley, 216 So.2d 852, 854 (La. Ct. App. 1968) ("A father's obligation to support his wife and child are [sic] paramount to his right to voluntary retirement.") and Reed v. Reed, 260 Iowa 1166, 1168, 152 N.W.2d 190, 191 (1967) (self-imposed termination of employment is not looked upon with favor when "detrimental to ... child's best interests and at the resultant expense of a former spouse") with Smith v. Smith, 419 A.2d 1035 (Me. 1980) (former husband whose decrease in income was caused by retirement motivated by health problems and difficulties in relocating declining dental practice relieved from alimony obligation) and Toney v. Toney, *479 213 Iowa 398, 239 N.W. 21 (1931) (forced retirement may establish changed circumstances permitting modification). Since no such circumstances exist in the present case, that portion of the final judgment of June 10, 1986, which reduces the husband's alimony obligation to $25.00 per week and terminates his duty to provide health insurance for the former wife is reversed with directions to reinstate the corresponding provisions of the final judgment of dissolution and to enter judgment in favor of the former wife for arrears from August 9, 1985. We find no error in the trial court's refusal to hold Ward in contempt.
Reversed and remanded with directions.
NOTES
[1] The trial court did enter a judgment for Kathryn for arrears in the amount of $2,414.27 to August 9, 1985, the date upon which Ward's motion to modify was at issue.
[2] Ward urges that Landry v. Landry, 436 So.2d 353 (Fla. 1st DCA 1983), dictates a different result. In Landry, the First District affirmed a trial court order refusing to reduce a husband's alimony payment despite his claim that his intervening retirement from the Navy had substantially changed his circumstances. Ward argues that implicit in this decision is that had a diminution in ability to pay been found, Landry would have obtained relief even though the diminution resulted from his retirement. The problem with Ward's reliance on Landry is that it appears from the case that Landry's retirement was forced and involuntary ("He had not been informed of his imminent retirement." Id. at 354.), making the case entirely inapposite to the present one.