524 So.2d 678 (1988)
James A. SERVIES, Appellant/Cross-Appellee,
v.
Ruth J. SERVIES, Appellee/Cross-Appellant.
No. BS-399.
District Court of Appeal of Florida, First District.
March 10, 1988.
Rehearing Denied May 27, 1988.
*679 Nancy T. Gilliam, Cantonment, for appellant/cross-appellee.
R. Larry Morris, of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellee/cross-appellant.
SHIVERS, Judge.
Appellant, James A. Servies, appeals the trial court's denial of his petition for termination of alimony; appellee, Ruth J. Servies, cross-appeals the trial court's order temporarily reducing alimony. We affirm the issues on appeal, but reverse the issue raised on cross appeal.
The record indicates that a final judgment of dissolution was entered on April 29, 1971, dissolving the parties' 25-year marriage. The final judgment incorporated a February 4, 1971 separation agreement which provided, among other things, that husband would pay $375 per month in alimony and $375 per month in child support until the two minor children (aged 18 and 10 at the time) reached majority, provide the cost of educating the two minor children through four years of college, and pay for wife's nurses training at Pensacola Junior College. Husband made regular alimony payments after entry of the final judgment, and continued to pay $375 in child support until the eldest of the two minor children reached majority. He then reduced the child support payment by one half, and voluntarily continued to pay the reduced amount for nearly five years after the youngest child reached majority in 1981.
At the time of the dissolution in 1971, husband was earning $21,559 per year as Director of Libraries for the University of West Florida in Pensacola, a position he had held for five years. By 1985, his reported income for the same position was $40,058.18. In April of 1986, husband voluntarily retired at the age of 60, and began receiving a net income of $1,007 per month. He stated that he retired so that he could complete an independent research project he had begun five years earlier (a complete bibliography of the State of Florida), and that he had been experiencing an increased loss of vision in one eye since 1982, making it "virtually impossible" for him to read. He also stated, however, that his early retirement was entirely voluntary, that he was not asked by the university to retire, that he could have continued working until age 62 or 65 had he so desired, and that he declined a 1986 offer from the president of the university to return to his former position. Wife completed her nurses training following the dissolution, began working in 1972 at a Pensacola hospital, and reported a 1985 income of $24,018.
Arguing a substantial change in circumstances in that he had retired while his ex-wife had become self-supporting, husband *680 moved for termination of alimony in 1986. The trial court denied the motion after a hearing, but ordered husband's alimony payments be reduced to $175 per month until such time as the reduced payments satisfied the $10,962 in child support overages paid by husband after the youngest child reached majority.
We affirm the trial court's denial of husband's motion for termination of alimony. The party moving for termination of permanent, periodic alimony in modification proceedings must show:
a substantial change in the circumstances of one or both parties not contemplated at the time of the final judgment of dissolution, and ... that the moving party is no longer able to pay any amount of alimony, or that the recipient has no need for alimony.
Brown v. Brown, 440 So.2d 16, 18 (Fla. 1st DCA 1983). The change in circumstances, in order to support modification, must be sufficient, material, involuntary, and permanent in nature. Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA 1987); Ward v. Ward, 502 So.2d 477 (Fla. 3d DCA 1987); Bish v. Bish, 404 So.2d 840 (Fla. 1st DCA 1981).
The evidence in the instant case clearly shows that husband's retirement from the University of West Florida was entirely voluntary. Although there is evidence that his vision is impaired, there is no indication in the record that this problem prevented husband from continuing in his position at the university. Second, although wife's income has no doubt increased since 1971, husband has not shown, as required by Brown, that she has "no need for alimony." 440 So.2d at 18. Furthermore, since husband agreed to pay for wife's nurses training at Pensacola Junior College, the parties must have contemplated at the time of the final judgment that wife would become self-supporting as the result of her training. Brown, supra. For these reasons, the trial court's failure to terminate alimony based on change of circumstances was proper.
We have considered husband's argument that the trial court erred in admitting into evidence a letter from the Social Security Administration estimating husband's future retirement benefits at ages 62 and 65. We find the admission, at most, to be harmless error, since there is no indication in either the final order or the transcript of the hearing that the evidence played any part in the trial court's denial of husband's motion.
We reverse the issue raised on cross appeal. Set-offs against alimony payments are generally frowned upon and will not be permitted "in the absence of compelling equitable criteria and considerations to the contrary." Chappell v. Chappell, 253 So.2d 281, 287 (Fla. 4th DCA 1971); Glaeser v. Glaeser, 449 So.2d 428, 430 (Fla. 2d DCA 1984). No such compelling equitable criteria are present in the instant case. It appears from the record that husband made the extra payments voluntarily, that there was no agreement between the parties to the effect that the overpayments were to be set off against future alimony, and husband's testimony that he considered the payments to be support for his youngest son indicate that they were in the nature of gifts. See Hubshman v. Hubshman, 379 So.2d 670 (Fla. 4th DCA 1980).
Accordingly, the order denying husband's motion for termination of alimony is affirmed, and the matter is remanded for the trial court to strike that portion of the order granting temporary reduction of alimony.
AFFIRMED in part, and REMANDED.
JOANOS and THOMPSON, JJ., concur.