568 So.2d 1299 (1990)
Maurice C. PIMM, Appellant,
v.
Carolyn M. PIMM, Appellee.
No. 89-00021.
District Court of Appeal of Florida, Second District.
October 12, 1990.
Susana D. Gonzalez and Richard A. Weis of Susana D. Gonzalez, P.A., and Mark A. Neumaier, Tampa, for appellant.
Nancy Hutcheson Harris of Maney, Damsker & Arledge, P.A., Tampa, for appellee.
CAMPBELL, Judge.
The central question in this matter is whether the trial court erred in denying the former husband's petition to modify the ex-wife's alimony based upon the ex-husband's voluntary retirement at age 65, an event which is claimed to have diminished his income. We find that the trial court did err and, accordingly, reverse and remand for further consideration by the trial court.
The trial judge construed Ward v. Ward, 502 So.2d 477 (Fla. 3d DCA 1987), as requiring him to rule as a matter of law that a spouse's act of voluntary retirement at any age, if not mandated by the spouse's employer or by other circumstances such as ill health, is not a change of circumstance that may be considered in determining whether an obligation of the retiring spouse to pay alimony or support should be modified. A trial court is obligated to follow decisions of other district courts of appeal in this state in the absence of conflicting authority if the appellate court in its own district has not decided the issue. Stanfill v. State, 384 So.2d 141 (Fla. 1980); American Mutual Insurance Co. v. Decker, 518 So.2d 315 (Fla. 2d DCA 1987), affirmed, 530 So.2d 59 (Fla. 1988); Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982). The trial judge was, therefore, acting properly in ruling in accord with what he perceived to be the requirements of Ward. See also Servies v. Servies, 524 So.2d 678 (Fla. 1st DCA 1988). But also see Landry v. Landry, 436 So.2d 353 (Fla. 1st DCA 1983).
We, however, now decide that the apparent bright line rule announced in Ward and *1300 Servies rejecting any consideration of "voluntary" retirement as a change of circumstance sufficient to support a modification of alimony or support payments is too severe. It is undoubtedly the use of the term "voluntary" retirement that leads to the rule announced in Ward and Servies. A payor spouse's voluntary diminution of income where an ability to earn more is demonstrated has often been disregarded when such a spouse seeks reduction of alimony or support payments based on the voluntary diminution of income. Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979); Fried v. Fried, 375 So.2d 46 (Fla. 2d DCA 1979); Bradley v. Bradley, 347 So.2d 789 (Fla. 3d DCA 1977); Mansfield v. Mansfield, 309 So.2d 629 (Fla. 3d DCA 1975). We cannot conclude, however, that a "voluntary" retirement under normal circumstances or at a normal or expected retirement age should be equated with such a voluntary diminution of income.
The record discloses that the ex-husband is a professional engineer who operated a successful business in Florida for many years. At the time of his retirement, he was a salaried employee of the firm that had purchased his surveying company. He continues to possess an engineering license granted by the state of Florida. The parties were divorced in 1975, after a twenty-nine-year marriage. The final judgment incorporated a property settlement agreement providing the ex-wife with alimony which would continue until such time as she remarried or died. There is no indication that the parties or the court contemplated the possibility of appellant's retirement.
When the ex-husband's instant petition was filed, he was paying $845 a month to the ex-wife. Following his divorce from the ex-wife, the ex-husband married a woman living in Birmingham, Alabama. It appears that at the time of the hearing in this matter he had established residence in Alabama. It further appears that the exhusband does not intend to seek an Alabama license permitting him to practice his profession in that state.
While the trial judge may have been able to sustain his decision to deny appellant's petition for modification of alimony on other grounds, he clearly based his denial, relying on Ward, solely on the premise that appellant's voluntary retirement at age 65 barred, as a matter of law, modification of the alimony obligation. We decline to follow the bright line rule adopted by our colleagues in Ward and Servies for several reasons. If the parties had remained married, they more than likely, as other retired people often do, would have expected to live on reduced income when the supporting spouse reached retirement age. We are unwilling to hold, as a matter of law, that a supporting spouse in a dissolved marriage cannot rely on the reduced income at retirement as a change in circumstances that may be considered on a petition for modification of alimony. To so hold would place many such supporting spouses in the position of being unable to retire at any age so long as their alimony obligations remained unchanged. Parenthetically, it would seem that those members of the Bar practicing family law should consider, if they have not already, the advisability of including in all agreements entered in anticipation of a dissolution of marriage a provision specifically stating whether or not there should be a reassessment of any alimony provisions upon the retirement of the party paying the alimony.
Since this court has not previously passed upon the effect of voluntary retirement as it may affect an alimony obligation, we would make clear now the precise position we are adopting. We are not retreating from such entrenched notions as: "Where the alimony sought to be modified was, as here, set by the court upon an agreement of the parties, the party who seeks a change carries a heavier than usual burden of proof" (Tinsley v. Tinsley, 502 So.2d 997, 998 (Fla. 2d DCA 1987)); or "when the amount of alimony is determined by a property settlement agreement ... and approved by the trial court, the alimony provision will be interpreted in accordance with contract principles" (DePoorter v. DePoorter, 509 So.2d 1141, *1301 1144 (Fla. 1st DCA 1987)); and "a `true' or `pure' marital settlement agreement, containing provisions whereby one party surrenders valuable property interests in consideration for the right to receive periodic payments, is not subject to modification" (Hughes v. Hughes, 553 So.2d 197, 198 (Fla. 2d DCA 1989)).
We do hold that unless there is such a "true" or "pure" property settlement agreement that forecloses modification or a showing that a spouse's future retirement was contemplated and considered in establishing the alimony payments, a supporting or payor spouse's retirement is a factor that may be considered along with all other relevant factors and applicable law in determining whether the payor spouse is entitled to a modification of alimony or support payments.
After reviewing the property settlement agreement here, we conclude that it is not a "true" or "pure" property settlement agreement since the exwife did not surrender any valuable property rights in exchange for her right to receive periodic alimony payments. It is, therefore, not such an agreement that would foreclose modification on that basis. As noted earlier, neither is there any indication that the parties contemplated or considered the possibility of the exhusband's retirement.
Accordingly, inasmuch as the trial judge here declined to consider appellant's retirement under any circumstances, we reverse and remand for consideration and treatment in accord with our holdings herein.
Because we deem the subject of a spouse's retirement and its effect on support obligations growing out of a dissolution of marriage a subject of great public importance in the state of Florida, we certify the following question to our Supreme Court:
IS THE POSTJUDGMENT RETIREMENT OF A SPOUSE WHO IS OBLIGATED TO MAKE SUPPORT OR ALIMONY PAYMENTS PURSUANT TO A JUDGMENT OF DISSOLUTION OF MARRIAGE A CHANGE OF CIRCUMSTANCE THAT MAY BE CONSIDERED TOGETHER WITH OTHER RELEVANT FACTORS AND APPLICABLE LAW UPON A PETITION TO MODIFY SUCH ALIMONY OR SUPPORT PAYMENTS?
Reversed and remanded.
DANAHY, A.C.J., and FRANK, J., concur.