601 So.2d 534 (1992)
Maurice C. PIMM, Petitioner/Cross-Respondent,
v.
Carolyn M. PIMM, Respondent/Cross-Petitioner.
No. 76885.
Supreme Court of Florida.
May 28, 1992.
*535 Susana D. Gonzalez and Richard A. Weis of Susana D. Gonzalez, P.A., Tampa, for petitioner/cross-respondent.
Nancy Hutcheson Harris and A. Ann Arledge of Maney, Damsker & Arledge, P.A., Tampa, for respondent/cross-petitioner.
HARDING, Justice.
We review Pimm v. Pimm, 568 So.2d 1299 (Fla. 2d DCA 1990), in which the district court of appeal certified the following question as a matter of great public importance:
IS THE POSTJUDGMENT RETIREMENT OF A SPOUSE WHO IS OBLIGATED TO MAKE SUPPORT OR ALIMONY PAYMENTS PURSUANT TO A JUDGMENT OF DISSOLUTION OF MARRIAGE A CHANGE OF CIRCUMSTANCE THAT MAY BE CONSIDERED TOGETHER WITH OTHER RELEVANT FACTORS AND APPLICABLE LAW UPON A PETITION TO MODIFY SUCH ALIMONY OR SUPPORT PAYMENTS?
Id. at 1301. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the question in the affirmative.
On July 21, 1975, a final judgment dissolved the twenty-nine-year marriage of petitioner Maurice C. Pimm (husband) and respondent Carolyn M. Pimm (wife). The final judgment incorporated a property settlement agreement of the parties providing that the husband would pay the wife weekly alimony installments which would cease in the event of the wife's remarriage.[1] In 1988, shortly before the husband turned sixty-five years of age, he filed a petition for modification of the final judgment seeking to terminate the alimony obligation upon his retirement at the age of sixty-five. The wife counterpetitioned for an increase in alimony. The trial court denied both petitions. As to the husband's petition, the trial court determined that under Ward v. Ward, 502 So.2d 477 (Fla. 3d DCA 1987), a voluntary retirement, regardless of age, is not a factor that can be considered in determining if there is a change of circumstance sufficient to modify the obligation to pay alimony. On appeal, the Second District Court of Appeal originally affirmed the trial court, but upon rehearing, reversed the trial court and certified the question to this Court.
At the time of the dissolution of marriage, the husband was a civil engineer and president of his own surveying company. The husband subsequently became a salaried employee of the firm that purchased his company, and it was from this position that the husband contemplated retirement when he filed his petition for modification of the alimony payments.
*536 The wife was a full-time mother and homemaker and was never employed outside the home, either during or after the marriage. However, the record reflects that through inheritance and the sale of jointly-owned property the wife had accumulated considerable liquid assets since the time of the dissolution.
The wife contends that the husband's voluntary act of retirement should not be considered a change of circumstance which would support a modification of alimony. The wife points out that in petitioning to modify alimony, the moving party must show three fundamental prerequisites. First, there must be a substantial change in circumstances. Chastain v. Chastain, 73 So.2d 66 (Fla. 1954); § 61.14(1), Fla. Stat. (Supp. 1988). Second, the change was not contemplated at the time of final judgment of dissolution. Withers v. Withers, 390 So.2d 453 (Fla. 2d DCA 1980), review denied, 399 So.2d 1147 (Fla. 1981). Third, the change is sufficient, material, involuntary, and permanent in nature. Servies v. Servies, 524 So.2d 678 (Fla. 1st DCA 1988). As measured by this standard, the wife argues that the husband's voluntary retirement may be a substantial change, but it is not involuntary; that his retirement was or should have been contemplated at the time of final judgment; and that such a voluntary retirement is not sufficiently permanent in nature.
The husband claims that section 61.14(1), Florida Statutes (Supp. 1988),[2] expresses a public policy favoring modification of support in accordance with changed circumstances of the parties. He also asserts that if the reduced income of a payor spouse who retires at "normal" retirement age is not a factor that may be considered in proving a change in circumstances, then the payor spouse is put in the untenable position of being unable to retire at any age. The husband insists that if this Court disapproves the opinion of the district court, then it will be setting separate standards for self-employed payor spouses and non-self-employed payor spouses, whose retirement is generally mandated at a specific age.
Consequently, the husband urges that voluntary retirement is a part of the "total circumstances" which the "court can and should take into consideration" when modification is requested. Scott v. Scott, 285 So.2d 423, 425 (Fla. 2d DCA 1973). The husband reasons that if the trial court is permitted to consider the payor spouse's retirement as part of the total circumstances, then the court can inquire into the motivation and facts surrounding the retirement.
The district court held
that unless there is such a "true" or "pure" property settlement agreement that forecloses modification or a showing that a spouse's future retirement was contemplated and considered in establishing the alimony payments, a supporting or payor spouse's retirement is a factor that may be considered along with all other relevant factors and applicable law in determining whether the payor spouse is entitled to a modification of alimony or support payments.
Pimm, 568 So.2d at 1301. In reaching that conclusion, the court rejected the bright line rule announced in Ward and Servies, which would not permit "any consideration of `voluntary' retirement as a change of circumstance sufficient to support a modification of alimony or support payments." Pimm, 568 So.2d at 1300.
*537 In this case, the district court concluded that the agreement at issue was not a "pure" property settlement agreement because the wife "did not surrender any valuable property rights in exchange for her right to receive periodic alimony payments." Id. at 1301. Thus, modification was not precluded by the type of agreement at issue.
The wife argues that the agreement's silence on the issue of retirement combined with its provision that alimony would terminate upon her remarriage indicates that the husband chose to pay her, regardless of retirement, until such time as she remarried. We do not agree with this argument. Although it would be a better practice to incorporate consideration of retirement and what will happen in the event of retirement in an agreement or final judgment, we find that silence in that regard should not preclude consideration of a reasonable retirement as part of the total circumstances in determining if sufficient changed circumstances exist to warrant a modification of alimony.
In determining whether a voluntary retirement is reasonable, the court must consider the payor's age, health, and motivation for retirement, as well as the type of work the payor performs and the age at which others engaged in that line of work normally retire. The age of sixty-five years has become the traditional and presumptive age of retirement for American workers: many pension benefits maximize at the age of sixty-five; taxpayers receive an additional federal tax credit at the age of sixty-five in recognition of the reduced income which accompanies retirement;[3] under the Social Security Act the definition of "retirement age" includes "65 years of age";[4] and the Employee Retirement Income Security Act of 1974 defines "normal retirement age" as including the "time a plan participant attains age 65."[5] Based upon this widespread acceptance of sixty-five as the normal retirement age, we find that one would have a significant burden to show that a voluntary retirement before the age of sixty-five is reasonable. Even at the age of sixty-five or later, a payor spouse should not be permitted to unilaterally choose voluntary retirement if this choice places the receiving spouse in peril of poverty. Thus, the court should consider the needs of the receiving spouse and the impact a termination or reduction of alimony would have on him or her. In assessing those needs, the court should consider any assets which the receiving spouse has accumulated or received since the final judgment as well as any income generated by those assets.
Additionally, the court should consider whether the provision for alimony was contained in an agreement between the parties or solely in a judgment of the court. "Where the alimony sought to be modified was ... set by the court upon an agreement of the parties, the party who seeks a change carries a heavier than usual burden of proof." Tinsley v. Tinsley, 502 So.2d 997, 998 (Fla. 2d DCA 1987).
Finally, we note that the obligation to pay support to a former spouse is different from the obligation to pay child support. Voluntary retirement cannot be considered a change of circumstance which would warrant a modification of child support.
Accordingly, we answer the certified question in the affirmative and approve the decision below. We note that because both Ward and Servies involved payor spouses younger than sixty-five years of age, the outcome of those cases could be the same under the rationale of this opinion. However, we disapprove Ward and Servies to the extent that they are inconsistent with this opinion.
It is so ordered.
SHAW, C.J. and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] While the motion for rehearing was pending in this case, the wife remarried. Although the issue is technically moot, we decline to dismiss because of the importance of the question certified by the district court.
[2] Section 61.14(1), Florida Statutes (Supp. 1988), provides in pertinent part:

(1) When the parties enter into an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes ..., either party may apply to the circuit court ... for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties ..., decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
[3] I.R.C. § 22 (1988).
[4] 42 U.S.C. § 416(l)(1)(A) (1988).
[5] 29 U.S.C. § 1002(24)(B)(i) (Supp. I 1989).