645 So.2d 510 (1994)
Joseph S. PRATT, Appellant,
v.
Juanita PRATT, Appellee.
No. 94-745.
District Court of Appeal of Florida, Third District.
October 26, 1994.
Rehearing Denied December 14, 1994.
Lesperance Lesperance & Lesperance, Richard M. Gale, Miami, for appellant.
Mercedes Busto, Coral Gables, for appellee.
Before HUBBART, COPE and LEVY, JJ.
PER CURIAM.
This is an appeal by the husband Joseph S. Pratt from (1) a final order denying his motion to modify downward the alimony payments provided for in the marital settlement agreement entered into by the parties and incorporated in the final judgment of marital dissolution previously entered by the trial court, and an order entered upon rehearing of said order; and (2) a final order finding the husband in contempt for alimony arrearages *511 and entering a final monetary judgment thereon in favor of the wife Juanita Pratt. We affirm with one modification.
1. The trial court determined that the marital settlement agreement was not subject to modification on the theory that the subject agreement is, in effect, a property settlement agreement, in which the wife gave up her interest in jointly held realty in exchange for the alimony payments under the agreement. We disagree because the agreement requires the husband to make alimony payments to the wife for the remainder of the wife's life, and it therefore cannot be considered a sum certain which was given to the wife in exchange for a comparable relinquishment of property rights; clearly, a lifetime of alimony payments is more in the nature of support for the wife. Indeed, the agreement denominates the payments as "permanent, periodic alimony" and specifically states that such alimony is given "because of the long duration of the marriage, the wife's contribution to same and her lack of work experience"  traditional factors for awarding permanent alimony. § 61.08, Fla. Stat. (1991); Ugarte v. Ugarte, 608 So.2d 838, 839 (Fla. 3d DCA 1992), cause dismissed, 617 So.2d 322 (Fla. 1993); Green v. Green, 484 So.2d 1269, 1270 (Fla. 3d DCA 1986); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980). There is nothing in the agreement which states that the alimony is given for the wife's relinquishment of property rights. Moreover, the agreement further provides that if the wife secures employment with the family business, her monthly alimony is to be reduced by whatever she earns; this further supports our conclusion that the alimony payments were meant to meet her living expenses, as such payments must be reduced in the event she acquires a particular source of income to meet these expenses. The alimony payments provided in the marital settlement agreement were therefore entirely modifiable upon a proper showing of a change of circumstances, and the trial court's contrary determination must be set aside. See Joyce v. Joyce, 563 So.2d 1126, 1127 (Fla. 1st DCA 1990); Petty v. Petty, 548 So.2d 793, 795 (Fla. 1st DCA 1989).
2. The trial court further determined, as an alternative basis for its decision, that even if the marital settlement agreement was modifiable as to its alimony provisions, the husband had failed to establish a substantial change in his financial circumstances to warrant a reduction of alimony. We entirely agree and, in this respect, accept the trial court's well-reasoned analysis of this point in the order denying modification:
"Initially, where the alimony sought to be modified was set by the court upon an agreement of the parties, the party who seeks a change carries a heavier than usual burden of proof. Pimm v. Pimm, 601 So.2d 534, 537 (Fla. 1992). Under this burden, the Husband must show that there has been a substantial change in circumstances; that the change was not contemplated at the time of Final Judgment of Dissolution, and that the change is sufficient, material, involuntary, and permanent in nature. Pimm, supra, 601 So.2d at 536.[1] Moreover, the reduction must not be for the purpose of evading alimony. Denny v. Denny, 334 So.2d 300 (Fla. 1st DCA 1976).
The Husband argues that there has been a substantial change of circumstances due to his retirement, and that, therefore, he has substantially reduced his income to his social security payments and farm income. In regard to the farm income, he further contends that his income is presently nonexistent due to the impact of Hurricane Andrew on the farm crops. Citing Pimm, he further argues that the fact that the Marital Settlement Agreement did not address retirement is not dispositive, and that the Court should reduce his obligation based on the criteria set forth by the Florida *512 Supreme Court in Pimm, at 601 So.2d at 537. Here, the Husband argues that the Wife will not be in the `peril of poverty' due to the value of the real property equitably distributed to her.
While the Husband argues a downward change in his income, the Court has received evidence that the Husband and his new wife share several joint checking accounts where there has been a commingling of funds from the new wife's business. While the Husband argues that he has no interest in the new wife's business, the Court does not find his testimony to be credible based on the fact experience, the company's major customer was formerly the Husband's customer at his prior business, and, even though the Husband does not draw a salary, substantial sums have been placed into the parties' joint checking accounts for their mutual use and benefit and were used for such purposes. In this regard, the evidence established that the new business had gross deposits into the Eastern National Bank account of One Hundred Fifty-two Thousand Five Hundred Eight-nine Dollars ($152,589.00) from August of 1992 (shortly after the Husband's retirement) to October of 1993.
While a successor spouse may not be required to pay support obligations owed by his or her spouse to a former spouse, and the financial status of a successor spouse is not ordinarily relevant to a determination of the amount of alimony which the divorced spouse is capable of paying, evidence relating to such status is relevant where a party who is entitled to alimony demonstrates that a party owing the alimony has deliberately limited his or her income for the purpose of avoiding or reducing the alimony obligation, and is living off the income of the successor spouse to avoid the alimony obligation. Schneider v. Schneider, [348 So.2d 612] (Fla. 4th DCA 1977); Harman v. Harman, 523 So.2d 187, 189 (Fla. 2d DCA 1988). Here, the Court finds that the Husband has deliberately limited his income by establishing a business in his new wife's name. While the Husband has had the benefit of the business income in the joint accounts, which he has had the unilateral right to withdraw, he now wants this Court to view his circumstances as being limited only to his pension income, notwithstanding that the Wife, at age 77, has no independent means of support and must look to dissipate the marital assets which she received as part of the Marital Settlement Agreement in order to meet her monthly expenses. She should not be forced to do so under the circumstances when the Husband has the ability to pay."
We have not overlooked the husband's contrary arguments on this point, but are not persuaded thereby.
3. We see no error in the trial court's determination that the husband is in willful contempt of court for failing to pay the permanent periodic alimony as provided in the marital settlement agreement from August 1992 through the date of the final hearing, and in entering a final monetary judgment in favor of the wife for the alimony arrearages. Plainly, the husband owes these arrearages under the agreement and the trial court was privileged to enter a final monetary judgment for that amount in the wife's favor. See Riley v. Riley, 509 So.2d 1366, 1369 (Fla. 5th DCA 1987); Parrish v. Parrish, 99 So.2d 715, 716 (Fla. 3d DCA 1958).
For the above-stated reasons, the final order denying the husband's motion for modification is affirmed, save for the trial court's determination that the alimony provisions of the marital settlement agreement are nonmodifiable, which determination is hereby stricken. The order finding the husband in contempt and awarding a final monetary judgment for the alimony arrearages is affirmed.
Affirmed, as modified.
NOTES
[1] We are aware that, effective July 1, 1993, the legislature implicitly changed the burden of proof rule cited by the trial court through an amendment to section 61.14, Florida Statutes (1993), which states that "the proof required to modify a settlement agreement and the proof required to modify an award established by court order shall be the same." § 61.14(7), Fla. Stat. (1993) (emphasis added). The trial court order, however, applied the pre-amendment law in effect at the time the operative petition for modification was filed below, and the parties have not raised the issue as error on appeal.