PER CURIAM.
Charles Hanskat, the former husband, appeals an order modifying child support and denying his motion to modify permanent periodic alimony. We affirm in part, reverse in part, and remand.
In the final judgment of dissolution, the former husband was ordered to pay permanent periodic alimony, rehabilitative alimony, child support, and $105 per month medical insurance for the former wife. The former wife was awarded primary physical residence of the two minor children.
After one of the minor children moved in with the former husband, he filed a petition to modify the final judgment with regard to primary physical residence and child support. He later filed a petition for modification of permanent periodic alimony. The alleged substantial changes were that his income had decreased and the former wife’s income had increased.
The trial judge changed the primary physical residence of the child that lived with the former husband. With regard to reducing alimony and child support, the trial judge found:
The former husband has left his employment with Crom Corporation. This was an alternative, the terms of which were structured by the former husband having issued an ultimatum. His subsequent reduction in income is voluntary as a result of the circumstances of his ultimatum. His new business is still in transition and his income is not presently at the same level as previously. However, the potential and expectation is that income will increase to the prior level of $6,417.50. The former level of income should be imputed to the Former Husband.
The trial judge concluded that permanent periodic alimony awarded to the former wife would remain at $1,850 per month. Because the former wife had obtained employment and the husband was awarded primary physical residence of one child, the trial judge recalculated child support.
We reject the former husband’s argument that the trial judge erred in imputing income because there was no evidence to support a finding that he had an actual ability to earn more than he was currently earning or that there was a deliberate refusal to work at a higher earning capacity. To warrant modification of alimony, there must be a substantial change in circumstances, such change must not have been contemplated at the time of the final judgment of dissolution, and such change must be sufficient, material, involuntary, and permanent in nature. Pimm v. Pimm, 601 So.2d 534 (Fla.1992). The former husband, had the burden to prove that modification was warranted. The former husband did not establish that, at the time of the hearing below, the reduction in earnings was permanent. The trial judge did not abuse his discretion in imputing income based upon the evidence available as of the date of hearing.
The former husband also argued that in arriving at net income for child support obligations, the trial judge erred in failing to deduct from his income, and include in the former wife’s income, the $105 per month he pays for the former wife’s medical insurance premiums. The former wife concedes error in this regard.[1]
We reverse the trial court’s order with regard to child support. We remand with *349 instructions that the trial court properly recalculate the parties’ incomes by including the cost of health insurance in the former wife’s income, and deducting the same from the former husband’s income, and then recalculate child support. In all other respects, the order on appeal is affirmed.
BARFIELD, C.J., and KAHN and WEBSTER, JJ., concur.

. The former husband also argued the trial judge erred in failing to include in the former wife's income $585.13 per month interest income she was receiving from the closely held corporation in arriving at net income for child support obligations. We conclude this argument is without merit.