COBB, J.
The appellant, Kiyoshi Yamasaki, the former husband, appeals from an order denying his supplemental petition seeking to terminate or decrease a permanent periodic alimony award to his former wife, *886 Anne M. Yamasaki. At the time of the original dissolution in 1991, the trial court’s judgment awarded her $1,350 per month alimony. It contained the following provision:
C. ALIMONY: The Wife has had over the years a male companion spending substantial amounts of time in the marital home without contribution to the expenses thereof. The testimony of Thomas Milne, the current companion, was severely impeached at trial and his testimony has been disregarded. The Husband’s obligation to support the Wife should be based upon her needs, not including expenses incurred for another. The Wife’s testimony concerning her receipt of funds from her parents and other non-marital sources, was inconsistent and left the court with the impression that all the information concerning the source, amount and continuity of those funds was not provided. Both of the foregoing factors influenced the determination of the amount of alimony needed by the Wife in conjunction with the criteria as set forth in Section 67.08, Florida Statutes.
The trial court found that the former husband’s gross income at that time was approximately $64,900.00 per annum. The former wife was unemployed at that time. The court noted that the male Mend living with the wife, Thomas Milne, did not contribute to her expenses. Some five years later the former husband, after his retirement, again sought modification of the alimony award. After hearing, the trial court entered an order dated January 16, 1996, again denying modification. The court at that time made several findings, as shown by paragraphs 5, 6 and 7 of that order:
5. The Court considered the circumstances of Mr. Yamasaki’s voluntary retirement and finds that he did have a strong belief that if the retirement package which was offered him was not taken, he would not be able to get a comparable package should he defer his voluntary retirement. The Court accepts Mr. Yamasaki’s assessment of the climate at his work and what the prospects were for his continued employment and his reasonable expectation of a fair settlement from his company if he did not accept the voluntary retirement. However, the Court denies the petition based on his voluntary retirement because of Pimm v. Pimm, 601 So.2d 534 (Fla.1992).
6. With regard to there being a substantial change of circumstance caused either by the voluntary retirement of Mr. Yamasaki or by what the Former Husband argued is the defacto marriage of Mrs. Yamasaki and Mr. Milne, the Court examined the evidence about the Former Wife’s financial circumstances and balanced it against those of the Former Husband. The Court finds that while a reduction might not necessarily leave the Former Wife in peril of poverty because Mrs. Yamasaki gets substantial help from Mr. Milne, the Court also notes that the Former Husband has bought and lives in a very expensive home which he shares with his daughter and has other rental property. The Court also finds that Mr. Yamasaki has substantial savings, which he has been able to use to make up the difference as to what he chooses to spend on his lifestyle and what his actual income is. Therefore, a reduction of the Former Wife’s alimony is denied for these additional reasons.
6. Because this is a post-dissolution action and there has already been an equitable distribution and both parties are in approximately the same relative financial situation, the Court hereby denies attorney’s fees to the Former Wife, see Naugle v. Naugle, 632 So.2d 1146 (Fla. 5th DCA 1994).
The 1996 order was per curiam affirmed by this court. See Yamasaki v. Yamasaki, 686 So.2d 601 (Fla. 5th DCA 1996).
Thereafter, the former husband again filed a petition to modify the alimony *887 award, and this was denied on June 4, 1999, giving rise to the instant appeal. This time the trial court made findings that the former wife and her live-in companion, Milne, jointly own a newly constructed residence, that Milne now provides “substantial help” to Yamasaki, and that both she and Milne were evasive in their testimony and concealed their financial dealings. Most importantly, the trial court found that the former husband has now reached normal retirement age and, therefore, “it is no longer to be presumed that his retirement is voluntary.” This last finding means that the former husband’s annual income is now some $35,-000.00 as opposed to the approximate $65,-000.00 that was attributed to him by the court in January, 1996, pursuant to the court's finding at that time that his retirement was voluntary per the Pimm case.
The aggregation of these findings clearly shows that the former husband is now entitled to either a reduction or elimination of his alimony obligation. Indeed, if the wife continues to utilize a shredder to conceal assets from the court, the latter course would be indicated. We reverse and remand for further consideration by the trial court in light of this opinion.
REVERSED AND REMANDED.
DAUKSCH and HARRIS, JJ., concur.