KLEIN, J.
After thirty years as a law enforcement officer, the last twenty-seven as a road patrol officer with the Fort Lauderdale Police Department, the former husband retired at age fifty-two. After considering his health problems, and finding that his retirement after thirty years was normal for a person with his position in law enforcement, the court granted modification of alimony and child support. The wife appeals, and we reverse some aspects of the order relating primarily to child support.
The oldest child reached the age of eighteen in December, 2007, but her graduation from high school will not occur until May, 2008. The trial court erred in terminating child support when the child became eighteen. As the court explained in Hill v. Hooten, 776 So.2d 1004, 1008 (Fla. 5th DCA 2001):
If it is established that the child will be in her senior year at the time she turns 18, the trial court should either award child support until the date she graduates or set forth findings of fact explaining why such relief is denied. Although section 743.07 of the Florida Statutes (1999) gives the trial court discretion whether to award extended child support beyond the age of 18, if the child is dependant in fact and reasonably expected to graduate before the age of 19, the denial of such support should be the exception rather than the rule. As the Fourth District has explained, since children who are still attending high school at age 18 are in need of financial support, section 743.07(2) of the Florida Statutes should be interpreted liberally in order to provide such support, thereby mitigating any potential harm to the child resulting from the lack of support. See Boot v. Sapp, 714 So.2d 579 (Fla. 4th DCA 1998)(authorizing the trial court to *1142 award child support through the date of graduation notwithstanding the fact that the twin children turned 19 a few weeks before graduation because to deny such support could harm the children).
The court also made a downward adjustment of child support based on the husband’s reduced income resulting from his retirement, citing Pimm v. Pimm, 601 So.2d 534 (Fla.1992). Pimm, however, involved alimony, and the husband has cited no cases which would support a reduction of child support based on these facts. Although the trial court found that the husband’s retirement at age fifty-two was normal for law enforcement officers, that in and of itself does not justify a reduction of child support. Overbey v. Overbey, 698 So.2d 811 (Fla.1997) (voluntary reduction in income insufficient to support reduction of child support); Vriesenga v. Vriesenga, 931 So.2d 213 (Fla. 1st DCA 2006) (even where retirement is involuntary it does not necessarily follow that child support is to be reduced).
The trial court granted the husband a credit for an overpayment of health insurance premiums retroactive to the date the marriage was dissolved in 2000. It was the husband’s position that the amount of child support included the cost of the health insurance premium; however, he had not deducted that cost. The problem with the husband’s position is that he voluntarily paid full child support and the children’s health insurance premiums from 2000 until the hearing on modification. Under these circumstances it is improper for the wife to be required to pay back the overpayments. Servies v. Servies, 524 So.2d 678 (Fla. 1st DCA 1988) (husband not entitled to set-off for over-payments of child support); Martinez v. Martinez, 383 So.2d 1153 (Fla. 3d DCA 1980) (same).
The wife also argues that the court erred in reducing her alimony based on the husband’s retirement. In Pimm v. Pimm, 601 So.2d 534, 537 (Fla.1992), however, our supreme court held that a downward modification of alimony could be granted following a voluntary retirement, explaining:
In determining whether a voluntary retirement is reasonable, the court must consider the payor’s age, health, and motivation for retirement, as well as the type of work the payor performs and the age at which others engaged in that line of work normally retire
In this case the court found that the husband had two heart procedures including the placement of a stent, a shattered knee, an ankle injury, and that his health would hinder him in continuing in his law enforcement job. And, as we said earlier, the court also found that his age at retirement was normal for people in his position in law enforcement. There was accordingly competent substantial evidence to support the downward modification of alimony.
We accordingly reverse the termination of child support before graduation from high school, reverse the downward adjustment of child support, and reverse the credit for overpayment of child support in the form of the health insurance premiums. In all other respects we affirm.
HAZOURI and DAMOORGIAN, JJ„ concur.