IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DENNY DWAIN BRANHAM,

      Appellant,

 v.                                Case No.  5D22-320
                                      LT Case No. 2013-1187-FD


JOANNIE D. BRANHAM,

      Appellee.

_____/

Opinion filed December 2, 2022

Appeal from the Circuit Court
for Putnam County,
Alicia R. Washington, Judge.

Kevin Coyle Colbert, Miami, for
Appellant.

Susanna S. Quesenberry, of Harbor
City Law, St. Augustine, for Appellee.


LAMBERT, C.J.

     Denny Dwain Branham ("Former Husband") appeals the trial court's

final order entered after bench trial denying his supplemental petition to

modify or terminate his permanent periodic alimony payments to Appellee, Joannie D. Branham ("Former Wife"). Concluding that Former Husband has not shown that the trial court committed reversible error, we affirm.

The parties' twenty-eight-year marriage was dissolved in July 2014. Pertinent here, the parties agreed that Former Husband would pay Former Wife permanent periodic alimony in the amount of $1,000.00 per month. At the time, Former Husband was employed by Seminole Electric as a mechanical millwright.

A little over six years later, in September 2020, Former Husband left his employment with Seminole Electric. Two months thereafter, Former Husband filed the instant supplemental petition for modification or termination of his alimony obligation.

As the party seeking modification, Former Husband had the burden to prove (1) a substantial change in circumstances; (2) that was not contemplated at the time of the final judgment of dissolution; and (3) is sufficient, material, involuntary, and permanent in nature. *See Pimm v. Pimm*, 601 So. 2d 534, 536 (Fla. 1992); *Rodolph v. Rodolph*, 344 So. 3d 451, 456 (Fla. 4th DCA 2022). To that end, Former Husband alleged in his supplemental petition the following changed circumstances since the entry of the final judgment:

2

1) He was determined to have a "short-term disability" and was "told that he would not be authorized to return back to work";

2) He expected to be "upgraded to a "Permanent Disability," but, even if not, he is unable to perform his job requirements, resulting in a significant and permanent decrease in pay; and

3) Former Husband "believed" that Former Wife's income had significantly increased, "therefore lowering her need [for alimony]."

The case proceeded to trial on this operative pleading at which both parties testified. In its final order denying Former Husband's supplemental petition, the trial court found, among other things, that (1) there "was no competent or substantial evidence introduced at trial as to the nature of [Former Husband's] alleged disability and its impact on [his] ability to earn income"; (2) the evidence that Former Husband did present did not establish that he was prevented from working "on a part time, if not full time, basis;" (3) Former Husband's "voluntary decision not to return to work cannot support a request for modification";[1] and (4) Former Husband failed to prove that a sufficient, material, involuntary, and permanent change of

---

[1] Former Wife called as a trial witness a representative from Former Husband's employer, Seminole Electric, who testified that the company considered Former Husband as being on a "leave of absence" and that, from the company's standpoint, Former Husband could resume his position with them as a mechanical millwright.

3

circumstances occurred warranting modification of his alimony obligation. Former Husband has timely appealed.

A trial court's decision to modify or to refuse to modify alimony is reviewed under the abuse of discretion standard of review. *See Davis v. Maloch*, 287 So. 3d 689, 692 (Fla. 5th DCA 2019) (quoting *Dunn v. Dunn*, 277 So. 3d 1081, 1085 (Fla. 5th DCA 2019)). Findings of fact made by the trial court are reviewed to determine whether they are supported by competent substantial evidence. *Hooker v. Hooker*, 220 So. 3d 397, 404 (Fla. 2017) (citing *Van v. Schmidt*, 122 So. 3d 243, 258 (Fla. 2013)). As an appellate court, we defer to the trial court on all matters of credibility, with all reasonable inferences from the evidence considered in the light most favorable to sustaining the trial court's ruling. *Jarrard v. Jarrard*, 157 So. 3d 332, 338 (Fla. 2d DCA 2015).

Applying these standards, we conclude, without the need for providing greater detail, that the aforementioned findings of fact made by the trial court were supported by competent substantial evidence. In doing so, we acknowledge merit in one of the three arguments raised by Former Husband on appeal that the trial court erred when it found or considered that Former Husband had funds "available" (presumably to pay alimony) from his sale of

the parties' former marital home to their adult daughter.[2]  This sale occurred approximately three months before Former Husband filed his supplemental petition for modification, at a time when he was not delinquent on his alimony payments.  Under these circumstances, the sale and resulting net proceeds were not pertinent to the issue of whether to modify or terminate alimony. *See Galligar v. Galligar*, 77 So. 3d 808, 812 (Fla. 1st DCA 2011) ("We reject the suggestion by the trial court that a party who is meeting a current alimony obligation is required to set aside additional funds to meet future alimony obligations, in anticipation of a potential loss of income.").  Nevertheless, this error did not relate to or otherwise impact the trial court's separate finding that Former Husband voluntarily left his employment, which, on the present record before us, was supported by the trial evidence and was dispositive.[3]  We therefore affirm the trial court's final order denying Former Husband's supplemental petition to modify or terminate alimony.

AFFIRMED.

EVANDER and EDWARDS, JJ., concur.

---

[2] Former Husband and the daughter both testified that Former Husband "gifted" the net sale proceeds to her.

[3] We have considered Former Husband's other arguments on appeal, including that the trial court erred in failing to find that Former Wife's income had significantly increased.  We conclude, without further discussion, that they do not merit reversal.